METROPOLITAN SCHOOL DISTRICT OF SOUTH
WEST PARKE, INDIANA, ET AL. *v.* VAUGHT ET AL.

[No. 31,150. Filed January 18, 1968.]

*Clelland Hanner,* of Rockville, and *Bowen, Myers, Northam & Givan,* of Indianapolis, for appellants.

*Howard C. McFaddin, Warren Buchanan,* and *John G. McFaddin,* of Rockville, for appellees.

HUNTER, J.—This case comes to this Court on appeal from the denial of plaintiffs-appellants' request for permanent injunction relief and a declaratory judgment. The requested injunction would enjoin the defendants-appellees, the Board of Election Commissioners of Parke County, Indiana, from holding a referendum election on the question of whether Wabash School Township, Raccoon School Township, and the Rockville Consolidated Schools, all located in Parke County, Indiana, should be formed into one metropolitan school district.

The facts surrounding this controversy are as follows:

Late in 1964, petitions were filed with the Board of School Trustees of the Rockville Consolidated Schools, with Eula Lewis, Trustee of Wabash School Township and with Arthur Thompson, Trustee of Raccoon School Township. The petitions were signed by 5% of the voters in the respective school corporation districts in which they were filed; and they contained a request to consolidate the Rockville Consolidated Schools and Wabash and Raccoon School Townships into a Metropolitan School District.

On December 3, 1964, the Board of Trustees of Rockville Consolidated Schools disapproved this three-unit merger plan. On December 14, 1964, the Advisory Board and trustee of Wabash School Township met and disapproved the three-unit merger plan; and on Demember 17 the same three-unit proposal was disapproved by the Advisory Board and trustee of Raccoon School Township.

Thereafter, on December 22, 1964, the trustees of Wabash, Raccoon, Florida and Reserve Townships held a meeting at which there was proposed and unanimously agreed upon a merger of said four school townships subject to possible disapproval if a referendum election was forced by the filing of a petition of protest. This merger is hereafter referred to as the four-unit merger. These same trustees met again on February 2, 1965, and, upon determining that no such protest petition had been filed, proceeded to hold an organizational meeting at which officers were elected and the new corporation was named the Metropolitan School District of Southwest Parke, Indiana.

On February 8, 1965, after being assured that payment of all costs was forthcoming, the appellee, Board of Election Commissioners of Parke County issued notice that a special referendum election would be held on the question of the three-unit merger on March 16, 1965. It is this election that the appellant sought to enjoin by this action. The Parke Circuit Court issued a temporary restraining order on March 13, 1965, restraining appellees from holding such election pending the outcome of a hearing on the merits. Such hearing having been held, the Parke Circuit Court issued its decree on July 30, 1965, dissolving and vacating the temporary restraining order, refusing to permanently enjoin such election and found against appellants on their prayer for a declaratory judgment, *infra*.

The statute under which the two conflicting mergers were sought to be accomplished, and under which the election in

question was sought to be conducted is Ind. Anno. Stat. § 28-2442 (Supp. 1967) which reads as follows:

"28-2442. Township school corporations—Merger into metropolitan school district.—In any county or adjoining counties any two (2) or more school corporations, including but not limited to, school townships, school towns, school cities, consolidated school corporations, joint schools, metropolitan school districts, or township school districts, whether or not such consolidating school corporations are of the same or of a different character, may consolidate into one metropolitan school district. Such consolidation shall be initiated by following the procedures set out in either subsection (a) or subsection (b) of this section.

(a) The township trustee, board of school trustees, board of education or other governing body (such trustee, board or governing body being referred to elsewhere in this section as the 'governing body') of each school corporation to be consolidated shall adopt a resolution providing for such consolidation. If within thirty (30) days following the passage of such a resolution in any school corporation there shall be filed with the clerk of the circuit court a petition of protest, signed by registered voters in such school corporation in a number equal to five per cent (5%) of the number of votes cast for secretary of state therein at the last preceding general election, a referendum election shall be held as provided in subsection (c) below.

(b) In lieu of the adoption of a resolution in one (1) or more of such school corporations to be consolidated, a number of registered voters therein equal to five per cent (5%) of the number of votes cast for secretary of state therein at the last preceding general election, may sign and file with the governing body of such school corporation a petition requesting such consolidation. Within thirty (30) days thereafter the governing body of such school corporation shall adopt a resolution either disapproving such petition or approving such petition and providing for the consolidation. In the event such resolution disapproves such petition, *a referendum election shall be held as provided in subsection (c)*. Any such approving resolution shall have the same effect as a resolution adopted by the governing body under sub-paragraph (a) above.

(c) The county election board or boards *shall cause any referendum election required* under either subsection (a) or subsection (b) of this section to be held in the entire proposed metropolitan district at a special election not less

than thirty (30) days after such board or boards publish notice thereof in two (2) newspapers of general circulation in the county and not more than ninety (90) days following the last action requiring such referendum or at the next primary or general election which is held not more than sixty (60) days after such last action. It shall be the duty of the proper taxing authorities to levy and appropriate funds for such a referendum. The question in such referendum election shall be 'Shall the school corporations of ———— be formed into one (1) metropolitan school district under chapter 226 of the 1949 Acts of the Indiana General Assembly?' (in which blanks the respective names of the school districts concerned will be inserted).

Yes ( )      No ( )

The *question shall be submitted to all registered voters residing in the proposed metropolitan school district* and the ballots shall be printed, marked, and counted as provided hereinbefore with reference to a referendum on the question of formation of a county school corporation.

(d)  In the event no protest petition shall be filed subsequent to a resolution or resolutions of such governing bodies providing for or approving such consolidation or in the event a majority of all those voting on such referendum in the entire proposed metropolitan district vote in the affirmative, a metropolitan school district shall be created and come into existence in said territory subject to the provisions and under the conditions described in this act, and in such event the boundaries thereof shall include all of the territory within the said school corporations, and it shall be known as the 'Metropolitan School District of ———— ————, Indiana' (in which blank will be inserted the name of the district concerned), and the name thereof shall be decided by a majority vote of the metropolitan board of education of the metropolitan school district at the first meeting. The metropolitan board of education of such new metropolitan school district shall be composed and elected in the same manner as provided herein. (Acts 1949, ch. 226, § 12, p. 728; 1959, ch. 261, § 2, p. 614.) (our emphasis)

With specific reference to the injunctive relief requested by appellants, we think there can be no question that the Circuit Court was correct and that such relief was properly denied.

The record shows that on December 17, 1964, the last of the three (3) petitions to consolidate Raccoon School Town-

ship, and Wabash School Township with the Rockville Consolidated Schools was disapproved. At that point in time, the appellee election board was required, by § 28-2442, *supra,* to conduct the election which is here sought to be enjoined. *Franklin County Election Board* v. *State ex rel. Metropolitan School District of Brookville* (1967), 248 Ind. 768, 230 N. E. 2d 527. As quoted above, the next to last sentence of subsection (b) of § 28-2442, *supra,* reads:

"In the event such resolution disapproves such petition, a referendum election shall be held as provided in subsection (c)." (See subsection (c), quoted, *supra.*)

Since appellee-Board was under an unavoidable duty to hold the referendum election, *and sought to do so in accordance with the laws of this State,* neither the Parke Circuit Court nor any court of equity has the power to enjoin the carrying out of that duty. *Sweigart* v. *State* (1938), 213 Ind. 157, 12 N. E. 2d 134, 114 A. L. R. 1117.

Equity has the power, where necessary, to pierce rigid statutory rules to prevent injustice. *Wabash Valley Coach Co.* v. *Turner* (1943), 221 Ind. 52, 46 N. E. 2d 212, certiorari denied, 319 U. S. 754. But where substantial justice can be accomplished by following the law, and where the parties' actions are clearly governed by rules of law, equity follows the law. In this case the rights of the parties are clearly governed by the statute; and no injustice will result from following such statute. Therefore, equity in this case, must follow the law, there being no equitable reason for not doing so. See 2 Pomeroy's Equity Jurisprudence, §§ 425-27 (1941 edition).

Furthermore, while we do not purport to make any decision as to the validity of the appellant's status as a lawful body corporate, assuming *arguendo* that the four unit merger was properly accomplished, two (2) of the four (4) units included therein, Raccoon and Wabash Townships, were under *a prior duty at the time of such merger to submit*

*to an election on the question of the three unit merger* with Rockville Consolidated Schools. Raccoon and Wabash townships could not avoid that *prior obligation* by joining in the four unit merger before the election was held.

Ind. Anno. Stat. § 28-2451 (Supp. 1967) provides, in its fourth paragraph as follows:

> "Such school districts shall be vested with all rights, titles, and interests of their respective predecessor township and town school corporations hereby terminated; and in all the real, personal, and other property of any nature and from whatever source derived, and shall assume, pay, and *be liable for all the indebtedness, obligations, and liabilities and duties of said predecessor corporations from whatever source derived and however arising* and shall institute and defend suits arising out of aforesaid liabilities, obligations, duties and rights assumed as a metropolitan school district." (our emphasis)

Clearly then, if Wabash and Raccoon Townships did become integral parts of a proper metropolitan school district before the election here sought to be enjoined, to-wit: The Metropolitan School District of Southwest Parke, Indiana, the governing board of such district had inherited the obligations of Wabash and Raccoon Townships. One of these obligations was to submit those two territories to the referendum election on the three unit merger plan and to comply with its outcome. The end result then is, that if the appellant was properly and validly incorporated, two of its units, Wabash and Raccoon Townships, could only have joined in the new corporation on the condition that the pending referendum election would not require them to merge with the Rockville Consolidated Schools.

Appellant's prayer for a declaratory judgment reads as follows:

> "Plaintiffs further pray that upon a final determination of this cause this court enter a declaratory judgment and adjudge and determine that the said question which the defendants as members of the board of election commissioners of Parke County propose to submit to referendum election is moot, that the conditions precedent to such special ref-

erendum election, as required by the Acts of 1949, ch. 226, as amended, have not been met and satisfied, and that no special referendum election can hereafter be held pursuant to said statute, concerning the inclusion of any of the geographical territory of the plaintiff school corporation in any other proposed consolidated school corporation, unless and until a petition is duly filed with the governing body of plaintiff school corporation, by sufficient number of registered voters residing in the district of plaintiff school corporation, and all other statutory conditions precedent met and satisfied; and that the plaintiffs recover their costs in this action, and for all other proper relief in the premises."

Under the view hereinabove taken regarding the status and obligations of Wabash Township and Raccoon Township at the time of the purported creation of the Metropolitan School District of Southwest Parke, Indiana, the prayer of appellants for a declaratory judgment must be denied since all points contended for by appellant in such prayer have been decided in favor of appellees.

For the foregoing reasons, the judgment of the court below is affirmed.

Judgment affirmed.

Lewis, C. J., Arterburn and Jackson, JJ. concur. Mote, J. concurs in result.

NOTE.—Reported in 233 N. E. 2d 155.