**LAKE COUNTY TRUST COMPANY, as Trustee under Trust Agreement Dated September 1, 1977, Known as Trust No. 2582, Appellant (Plaintiff Below),**

v.

**HOUSEHOLD MERCHANDISING, INC., Appellee (Defendant Below).**

No. 46A03–8701–CV–11.

Court of Appeals of Indiana, Third District.

Aug. 17, 1987.

HOFFMAN, Judge.

Lake County Trust Company brings this appeal from the LaPorte Circuit Court's grant of a Motion for Summary Judgment by Household Merchandising, Inc. The Lake County Trust Company (Trust) owns a shopping center at Route 30, Coolwood Plaza, Valparaiso, Indiana and leases different portions of the center to various tenants. On September 6, 1983, the Trust and Household Merchandising, Inc. (HMI) entered into a lease agreement for the demise of a certain portion of the Trust's shopping center. The lease, which commenced on December 1, 1983 and was to expire on November 30, 1988, provided that HMI pay rent in the sum of $29,919.59 payable in equal monthly installments. The lease also contained the following provisions:

"ASSIGNMENT

2.11 Household Merchandising, Inc. shall have the unqualified right of assigning this Lease at any time six months (180 days) after the date rental payments begin to accrue, to any individual, partnership or corporation (hereinafter sometimes called the 'assignee') to whom Household Merchandising, Inc. shall issue its Ben Franklin Franchise covering a store on the leased premises, and, *from the effective date of said Assignment, Household Merchandising, Inc. shall be relieved of all liability and/or responsibility under this Lease. Such assignee shall personally, jointly, and severally guarantee the obligations of the Tenant corporation.* Thereafter, Tenant shall not assign or sublet the premises without Landlord's written consent, which consent shall not be unreasonably withheld." (Emphasis added.)

On August 19, 1983, HMI and Vee & Cee Variety, Inc. entered into an assignment of lease whereby Vee & Cee Variety, Inc., as assignee, was to assume all of the conditions, covenants and provisions of the parties' lease, effective June 1, 1984. In December 1983, Vee & Cee Variety began to operate a Ben Franklin franchise in the demised premises. After rental payments ceased in January 1985, the Trust provided a written Notice of Default and then a

Barry D. Rooth, Herbert S. Lasser & Associates, P.C., Merrillville, for appellant.

Allen B. Zaremba, Robert D. Brown, of counsel, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for appellee.

complaint against HMI seeking unpaid rentals due on the lease and certain consequential and incidental damages. After hearing oral arguments and accepting affidavits on both the Trust's and HMI's Motions for Summary Judgment, the LaPorte Circuit Court granted HMI's Motion for Summary Judgment and made the following finding:

"[T]he Court now finds that the plaintiff expressly released the defendants from the obligations to pay rent when it assigned the lease to the holder of its Ben Franklin franchise and that there is no genuine issue as to any material facts as to the cross-motion for summary judgment filed by the defendant and that said defendant is entitled to a judgment as a matter of law."

Under Ind.Rules of Procedure, Trial Rule 56, summary judgment is appropriate only when there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Penwell v. Western & Southern Life Ins. Co.* (1985), Ind. App., 474 N.E.2d 1042, 1044. When reviewing the grant of a motion for summary judgment, this Court stands in the shoes of the trial court and must determine whether any genuine issue of material fact exists and whether the law was correctly applied. *Mead Johnson and Co. v. Oppenheimer* (1984), Ind.App., 458 N.E.2d 668, 670.

The parties here agree on appeal that no genuine issue of material fact exists and that the trial court's interpretation of the express terms of the lease agreement between the Trust and HMI is the sole basis for review. The Trust argues that the portion of the agreement that states, "Such assignee shall personally, jointly and severally guarantee the obligations of the tenant corporation" had the effect of requiring the assignee, Vee & Cee Variety, Inc., to execute a separate guarantee in favor of the Trust. The Trust argues that because no such guarantee was delivered to the Trust, the terms of the lease whereby HMI could be released from liability by assignment were not complied with and thus HMI was still liable for the rentals due even after the assignment.

The general rule is that upon assignment, the original tenant is no longer liable under privity of estate, but usually remains liable to the landlord under privity of contract. *Rauch et al. v. The Circle Theatre Co. et al.* (1978), 176 Ind.App. 130, 134, 374 N.E.2d 546, 550, *transfer denied.* However, the landlord may by express language of the lease contract release the tenant from contractual liability in the event of assignment. *See, Shadeland Development Corp. v. Meek* (1986), Ind.App., 489 N.E.2d 1192, 1197. Such language was clearly present in this lease agreement between the Trust and HMI, where HMI was to be "relieved of all liability and/or responsibility under this lease" in the event of an assignment. The Trust's argument that the terms of the lease required an executed guarantee between the assignee and the Trust in order for HMI to be released from liability is not persuasive. It is well settled that one who executes a contract is bound by its terms even though he meant something different and thought the words conveyed his meaning. *Miller v. Frankfort Bottle Gas, Inc.* (1964), 136 Ind. App. 456, 460, 202 N.E.2d 395, 397. Here, the terms "Such assignee shall personally, jointly and severally guarantee the obligations of the tenant corporation" contemplate no more than the standard obligations any assignee of a lease would have to the landlord. Generally, while the assignee of a contract takes the assignor's rights, he becomes subject also to the same burdens and obligations. *See*, 3 I.L.E. Assignments § 44, p. 188. If the Trust wanted to require some sort of executed guaranty to be delivered to it by the assignee of the lease, terms explicitly requiring a delivery of an executed guarantee should have been included in the lease agreement. Absent such terms, it cannot be held that HMI could not be released from liability under the lease until such a guarantee was executed.

The trial court's decision that the Trust expressly released HMI from all obligations under the lease upon HMI's assignment was correct. Accordingly, the grant

of HMI's Motion for Summary Judgment is affirmed.

Affirmed.

GARRARD, P.J., and BUCHANAN, J., concur.