**Manilla MAUDLIN, Appellant–Plaintiff,**

v.

**Charles L. HALL and Margaret E. Hall, Appellees–Defendants,**

**Jack Cornelius and Karla J. Finnell, Appellees–Third Party Defendants.**

No. 47A01–9803–CV–107.

Court of Appeals of Indiana.

Sept. 28, 1998.

Lewis Maudlin, Salem, for Appellant–Plaintiff.

John C. Haury, Bedford, for Appellees–Defendants Charles L. Hall and Margaret E. Hall.

## OPINION

BAKER, Judge.

Appellant-plaintiff Manilla Maudlin appeals the trial court's grant of summary judgment for appellees-defendants Charles and Margaret Hall on their counterclaim to quiet title regarding certain real estate that she purchased at a tax sale. Specifically, Maudlin contends that the trial court erroneously determined that she was required to give notice of the sale and her intent to petition for a tax deed to the bankruptcy trustee of the former owner of the property.

### FACTS

The facts most favorable to Maudlin reveal that on August 19, 1991, the Lawrence County Auditor held a tax sale on certain real estate located in that county which was owned by Michael Dershem. Maudlin and her son, David, were the highest bidders on the property and the auditor issued them a tax sale certificate. As a result, the tax certificate created a lien against the property in favor of the Maudlins in the amount of $5,800.

Thereafter, on May 12, 1992, Dershem commenced a voluntary Chapter 11 proceeding in bankruptcy in Oklahoma pursuant to 11 U.S.C. § 301.[1] At that time, Dershem was indebted to the Lawrence County treasurer in the amount of $750 for delinquent real estate taxes. A bankruptcy estate, which included the Lawrence County property, was created with third-party defendant Jack Cornelius serving as trustee. Maudlin was not named in the bankruptcy proceeding, and was not provided with actual notice of the commencement of those proceedings by Dershem or Cornelius. Maudlin did, however, receive actual notice of Dershem's bankruptcy after she was issued a deed to the real estate.

At some point prior to May 15, 1992, Maudlin had a title search prepared on the property which listed parties with a substantial interest of public record in the real estate. On May 15, Maudlin had notice of the sale, expiration of the redemption period and her intent to petition for a tax deed mailed to those who purportedly held such an interest in the property, including Dershem. Neither party disputes that Dershem was provided with notice or that Maudlin did not send notice to Cornelius as bankruptcy trustee.

On July 16, 1992, Cornelius filed a Notice of Bankruptcy and Claim of Interest in the property with the Lawrence County Recorder's Office which was subsequently recorded. Notwithstanding such notice, the Lawrence County Auditor issued a tax deed to the Maudlins on August 19, 1992. Thereafter, on December 29, 1993, Cornelius filed a Notice of Sale Free and Clear of Liens with the Bankruptcy Court in Oklahoma. As there was no objection to the sale, the Halls purchased the property from Cornelius as bankruptcy trustee on January 31, 1994 for $12,500, with any valid liens, claims, or encumbrances to attach to those proceeds.

On January 15, 1997, Maudlin filed a Complaint for Partition against the Halls claiming ownership and the right to possession of an undivided "one-half tenant in common interest" in the property.[2] R. at 6. Maudlin requested that the real estate be sold and the proceeds divided with the Halls. Thereafter, on March 7, 1997, the Halls filed a third-party complaint against Cornelius and Karla J. Finnell, Cornelius' attorney, alleging that although the title search conducted in Lawrence County disclosed Maudlin's interest in the real estate, they negligently failed to take any action to extinguish Maudlin's rights in the property and failed to provide her with notice of the sale. Finally, the Halls asserted that Cornelius and Finnell's negligence entitled them to indemnification. Also on March 7, the Halls filed a counterclaim against Maudlin to quiet title alleging that

---

1. Dershem's bankruptcy was converted to a Chapter 7 proceeding on June 15, 1992.

2. David Maudlin was not named as a plaintiff in this cause of action.

she failed to provide the bankruptcy trustee with notice of her intent to petition for tax deed which, therefore, extinguished the lien rights that were attached to the property. As a result, the Halls requested that the tax deed issued by the Lawrence County Treasurer be declared null and void and that Maudlin's purported interest in the property should be set aside.

On July 31, 1997, the Halls filed a motion for summary judgment contending that they were entitled to a judgment as a matter of law with respect to their ownership of the property. Specifically, they claimed that the tax deed issued to the Maudlins should be set aside and that title to the real estate should be quieted in their favor because Maudlin was required, but failed, to give notice of the sale, expiration of the redemption period, or notice of her intent to petition for tax deed, to the bankruptcy trustee. Thereafter, on August 29, 1997, Maudlin filed an opposition to the Hall's motion for summary judgment and requested that summary judgment be entered in her favor, alleging that she was not required to provide Cornelius with notice and had otherwise complied with the tax sale notice requirements. Following a hearing on September 15, 1997, the trial court granted the Halls motion for summary judgment, set aside the tax deed and quieted title to the real estate in favor of the Halls. Maudlin now appeals.[3]

## DISCUSSION AND DECISION

### I. Standard Of Review

In reviewing the trial court's grant of summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *Smith v. Allstate Ins. Co.*, 681 N.E.2d 220, 223 (Ind. Ct.App.1997). We do not weigh evidence, but will liberally construe the facts in the light most favorable to the nonmoving party. *General Motors Corp. v. Northrop Corp.*, 685 N.E.2d 127, 132 (Ind.Ct.App.1997), *trans. denied.* Summary judgment should be granted only when the designated evidentiary matter

shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). On appeal, we must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *City of Elkhart v. Agenda: Open Government, Inc.*, 683 N.E.2d 622, 625 (Ind.Ct.App. 1997), *trans. denied.* The party appealing the grant of summary judgment has the burden of persuading this court on appeal that the trial court's ruling was improper. *Jordan v. Deery*, 609 N.E.2d 1104, 1107 (Ind. 1993).

### II. Duty to Provide Notice

In determining whether the trial court properly invalidated the tax deed because Maudlin failed to give proper notice to the bankruptcy trustee, we initially observe that a tax sale is purely a statutory creation and material compliance with each step of the statute is required. *City of Gary v. Belovich*, 504 N.E.2d 286, 289 (Ind.Ct.App. 1987). While a tax deed creates a presumption that a tax sale and all of the steps leading to the issuance of the tax deed are proper, this presumption may be rebutted by affirmative evidence to the contrary. *Id.* Moreover, title conveyed by a tax deed may be defeated if the notices were not in substantial compliance with the manner prescribed in accordance with our notice statutes, IND. CODE § 6–1.1–25–4.5 and 4.6. *See* I.C. § 6–1.1–25–16(7).

Before untangling the legal knot that is presented today, we note the following dates and transactions relevant to our decision:

8/19/91—tax sale of Dershem's property by Lawrence County Auditor and Maudlin receives tax sale certificate;

5/12/92—Dershem files bankruptcy petition in Oklahoma;

5/15/92—Following a title search conducted by Maudlin at some point prior to this date, Maudlin mails notice of the sale, expiration of the redemption period and her

---

3. The Halls, Cornelius and Finnell entered into a stipulation of dismissal of the third-party com-

plaint on September 18, 1997.

intent to petition for tax deed purportedly to those with a substantial property interest of public record, including Dershem but not the bankruptcy trustee;

7/16/92—Bankruptcy trustee files Notice of Bankruptcy and Claim Of Interest in the property with Lawrence County Recorder's Office;

8/19/92—Lawrence County Auditor issues tax deeds to Maudlin;

12/29/93—Bankruptcy trustee files Notice Of Sale of the property to the Halls;

1/31/94—Halls purchase the property from bankruptcy trustee.

In 1992, when the tax sale and issuance of the deed to the Maudlins occurred, our notice statutes provided in relevant part as follows:.

A purchaser or assignee is entitled to a tax deed to the property that was sold only if, not less than three (3) months or more than five (5) months prior to the expiration of the period of redemption ..., the purchaser or assignee ... gives notice of the sale and the date of expiration of the period of redemption to the owner and any person with a substantial property interest of public record in the tract or real property.

I.C. § 6–1.1–25–4.5.[4]

At any time within five (5) months prior to the expiration of the time of redemption from the sale ..., the purchaser or the purchaser's assignee may ... file a verified petition in the same court in which the judgment of sale was entered asking the court to direct the county auditor to issue a tax deed if the real property is not redeemed from the sale. Notice of the filing of this petition and the date on which the petitioner intends to make application for an order on the petition shall be given to the owner and any person with a substantial interest of public record in the tract or real property in the same manner as provided in section 4.5 of this chapter ... Any person owning or having an interest in the tract or real property may appear in the proceeding on this petition.

I.C. § 6–1.1–25–4.6.[5]

We note that at the time of the tax sale, the notice statutes had not yet defined a "substantial property interest of public record." However, IND. CODE § 6–1.1–24–1.9, the statute pertaining to the sale of real property when taxes or special assessment

4. The current version of the statute provides in relevant part that:
> (a) A purchaser or an assignee is entitled to a tax deed to the property that was sold only if:
(1) the redemption period specified in section 4 of this chapter has expired;
(2) the property has not been redeemed; and
(3) not less than one (1) month, if the property is subject to section 4(a)(2), 4(a)(3), 4(a)(4), or 4(a)(5) of this chapter, or otherwise not less than three (3) months or more than five (5) months prior to the filing of the petition for a tax deed but not more than thirty (30) days after the expiration of the period of redemption specified in section 4(a)(1) of this chapter:
> (A) the purchaser or assignee ... gives notice of the sale, the date of expiration of the period of redemption, and the date on or after which a petition for the tax deed will be filed to the owner and any person with a substantial property interest of public record in the tract or real property.
However, in a county having a consolidated city, the county auditor shall give notice not less than one (1) month before the expiration of the period of redemption (as specified in section 4(a)(3) of this chapter).

5. This statute currently provides as follows:
> (a) After the expiration of the redemption period specified in section 4 of this chapter and at least three (3) months after the issuance of the notice required in section 4.5 of this chapter:
(1) the purchaser or the purchaser's assignee may ... file a verified petition in the same court and under the same cause number in which the judgment of sale was entered asking the court to direct the county auditor to issue a tax deed if the real property is not redeemed from the sale. Notice of the filing of this petition and the date on or after which the petitioner intends to make application for an order on the petition shall be given to the owner and any person with a substantial interest of public record in the tract or real property in the same manner as provided in section 4.5 of this chapter, except that only one (1) publication is required. The county auditor shall be notified of the filing of this petition. Any person owning or having an interest in the tract or real property may appear in the proceeding on this petition.

become delinquent, defined the terms as follows:

title to or interest in a tract possessed by a person and recorded in the office of a county recorder or available for public inspection in the office of a circuit court clerk no later than the hour and date the sale is scheduled to begin under this chapter.

It was not until 1997 that the above definition was expanded to specifically apply to the notice statutes.[6] We observe, however, that even if the terms were given their ordinary meaning in 1992, a "substantial property interest of public record" as used in the notice statutes would include any substantial interest in the property that is recorded in a public record prior to the time that the notices are sent.

In the instant case, Dershem's interest was recorded at the time and date of the tax sale in the Lawrence County Recorder's Office, inasmuch as he was the owner of the property. Notwithstanding the Halls' claim that a bankruptcy estate was created when Dershem filed his petition which included the Lawrence County property, *see* 11 U.S.C. § 541,[7] the record reflects that the bankruptcy trustee did not provide notice of the bankruptcy proceedings and did not file a claim of interest in the real estate until July 16, 1992—nearly two months after Maudlin had sent notices in accordance with I.C. § 6–1.1–25–4.5 and 4.6. We further note that Dershem's bankruptcy petition was not filed prior to the required notice period as set forth in the statutes. As a result, Maudlin could not have known of the Oklahoma bankruptcy proceedings until after the expiration of the period which required her to send notice to those with a "substantial property interest of public record." Thus, even though Cornelius as bankruptcy trustee may have had some interest in the property when Dershem filed his petition on May 12, 1992, there is no evidence in the record demonstrating that Maudlin had any notice of the bankruptcy proceedings until July 16, 1992. When

Maudlin notified those with a substantial interest in the property in accordance with the notice statutes, the bankruptcy trustee had no recorded interest in that property. Moreover, there was no evidence that Maudlin knew or should have known that the bankruptcy proceedings had commenced or that the trustee held an interest in the property. Finally, we note that Maudlin already had title to the property when the bankruptcy trustee filed its Notice of Sale to the Halls on December 29, 1993, and it is undisputed that Maudlin's deed had been recorded with the Lawrence County Recorder's Office. As a result, the record reflects that Maudlin did all that she was required to do under the notice statutes, and the Halls can make no showing that Maudlin was required to send notice to the bankruptcy trustee pursuant to I.C. 6–1.1–25–4.5 and 4.6 under these circumstances. Therefore, we conclude that the trial court erred in granting the Halls motion for summary judgment and in quieting title to the property in their favor.

Judgment reversed and remanded with instructions that the trial court enter judgment quieting title in the property for Maudlin.[8]

DARDEN and BAILEY, JJ., concur.

---

6. I.C. § 6–1.1–24–1.9 *as amended by* P.L. 2–1997, Sec. 21; *effective* April 28, 1997.

7. A bankruptcy estate consists of all legal and equitable interests of the debtor in property.

8. We note that we are not called upon to decide what additional remedy, if any, that the Halls may have as a result of their purchase of the property from the bankruptcy trustee.