Bob PORTER, Appellant–Respondent,

v.

BANKERS TRUST CO. OF CALIFOR-
NIA, N.A., and Greenwich Capital Fi-
nancial Products, Inc., Appellees–Peti-
tioners.

No. 21A05–0108–CV–346.

Court of Appeals of Indiana.

Aug. 26, 2002.

Edward R. Hall, Merrillville, IN, Attorney for Appellant.

Matthew S. Love, Bryan K. Redmond, Indianapolis, IN, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Bob Porter appeals from the trial court's ruling setting aside two tax deeds issued to Porter in November 2000. He raises several issues on appeal which we consolidate and restate as whether the trial court erred when it set aside the tax deeds because of Porter's failure to provide notice to mortgage holders pursuant to Indiana Code Section 6–1.1–25–4.6.

We affirm.[1]

---

1. We deny Appellant's Motion for Oral Argument.

## FACTS AND PROCEDURAL HISTORY

In April 1997, Johnny and Rita Holcomb executed a mortgage to The Provident Bank in the amount of $83,300, and the mortgage was recorded in Fayette County. In July 1999, The Provident Bank assigned the mortgage to Bankers Trust Company of California, N.A. ("Bankers Trust"), and that assignment was also recorded. The mortgage Bankers Trust held was for property located at 604 West 8th Street in Connersville ("Holcomb property").

In May 1998, Hargis Oliver executed a mortgage to Cityscape Mortgage Corporation ("Cityscape") in the amount of $43,500. The mortgage was recorded in Fayette County. Also in May 1998, Cityscape assigned the mortgage to Greenwich Capital Financial Products, Inc. ("Greenwich"). However, the assignment from Cityscape to Greenwich was not recorded. The mortgage Greenwich held as assignee was for property located at 2026 Virginia Avenue in Connersville ("Oliver property").

In October 1999, Bob Porter purchased both the Holcomb and Oliver properties at a tax sale. In July 2000, Porter sent notice of his purchases by certified mail, pursuant to Indiana Code Section 6–1.1–25–4.5,[2] both to Cityscape and Bankers Trust. With regard to Bankers Trust, Porter mailed the notice to Attorney Susan Woolley.

On November 8, 2000, Porter filed a Verified Petition for Order of Tax Deed seeking a tax deed to both the Holcomb and Oliver properties. The following day, the trial court issued the Order of Tax Deed for both properties, and the Fayette County Auditor issued the tax deeds to Porter.

Thereafter, in January 2001, both Bankers Trust and Greenwich filed motions to intervene in Porter's tax sale cause of action.[3] After the trial court granted permission to intervene, Greenwich and Bankers Trust filed motions to set aside and vacate the trial court's order of tax deed on both the Holcomb and Oliver properties. In their respective motions, Greenwich and Bankers Trust alleged that Porter failed to provide notice required by Indiana Code Sections 6–1.1–25–4.5 and 4.6. The trial court conducted a consolidated hearing on the interveners' motions, and on April 23, 2001, set aside its previous order of tax deeds. The trial court's order provides in relevant part: "The Court, having heard evidence [and] argument of counsel, and being duly advised, now sets aside the order of tax deeds entered on November 9, 2000, as Bob Porter only gave one of the 2 notices required."

In May 2001, Porter filed a motion to correct error, along with twenty-nine exhibits, asking the trial court to "affirm[ ] the validity of the tax deeds." After Greenwich and Bankers Trust filed responses, the trial court denied the motion to correct error. This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

 Neither party requested special findings, and the trial court did not enter any. When the trial court enters a gener-

---

**2.** As Appellees note in their Briefs, the Indiana tax sale statutes were revised in July 2001, but all relevant events in this case occurred prior to those revisions. As a result, we cite to the former versions of the relevant statutes.

**3.** Porter filed his petitions for order of tax deeds on the two properties under one cause number.

al judgment without special findings and conclusions, we may not reweigh evidence or consider witness credibility but must affirm if sustainable on any legal theory. *Perdue Farms, Inc. v. Pryor*, 683 N.E.2d 239, 240 (Ind.1997). In reviewing a general judgment, we must presume that the trial court followed the law. *Id.*

## Validity of Tax Deeds

Our supreme court succinctly set forth the statutory framework applicable to this case in *Tax Certificate Invs., Inc. v. Smethers*, 714 N.E.2d 131, 133 (Ind.1999):

> A purchaser of Indiana real property that is sold for delinquent taxes initially receives a certificate of sale. A one-year redemption period ensues. If the owners fail to redeem the property during that year, a purchaser who has complied with the statutory requirements is entitled to a tax deed. The property owner and any person with a "substantial property interest of public record" must each be given two notices.

> The first notice announces the fact of the sale, the date the redemption period will expire, and the date on or after which a tax deed petition will be filed.

> The second notice announces that the purchaser has petitioned for a tax deed.

(Citations omitted).

Here, it is undisputed that Porter purchased two properties at a tax sale, and following the one-year redemption period, he sent notices to Cityscape and Bankers Trust pursuant to Indiana Code Section 6–1.1–25–4.5. Then, Porter filed a verified petition seeking an order of tax deed from the trial court. However, he did not send out the second notice required under Indiana Code Section 6–1.1–25–4.6. The trial court set aside the order of tax deeds on that basis.

■■■ On appeal, Porter raises several arguments attacking the trial court's order. Initially, he claims that Greenwich lacks standing to challenge the validity of the tax deed. Porter further asserts that he substantially complied with the statutory notice requirements and that both Greenwich, as assignee, and Bankers Trust had actual notice of the tax sale. Finally, he argues that equity requires that his tax deeds be reinstated. We address these arguments in turn.[4]

---

4. We first address a procedural issue raised by Greenwich and Bankers Trust. As discussed, Porter filed his motion to correct error, along with twenty-nine attached exhibits. Appellees filed briefs opposing Porter's motion and complained that the exhibits attached to his motion were improper as newly presented evidence. The trial court entered a general denial of Porter's motion. On appeal, Greenwich and Bankers Trust re-assert their objection to Porter's presentation of any facts not submitted at trial. Porter responds that the information contained in his twenty-nine exhibits is essentially the same information found in Greenwich's and Bankers Trust's motions to set aside tax deeds. It is well established that we may not consider evidence or arguments not properly presented to the trial court. *GKC Ind. Theatres, Inc. v. Elk Retail Investors, LLC.*, 764 N.E.2d 647, 651 (Ind.Ct.App.2002). While a party may file a motion to correct error based on evidence outside the record under Indiana Trial Rule 59(H), the motion "must be supported by affidavits showing the truth set out in the motion and the affidavits shall be served with the motion." Porter's motion does not state that it is based on Trial Rule 59(H). Although some of the exhibits Porter attached are affidavits, a majority of the exhibits are not. "[A]ffidavits concerning matters which occur during proceedings before the court but which are not reflected in the record may be filed" in support of a motion under Trial Rule 59(H). *Alberts v. Mack Trucks, Inc.*, 540 N.E.2d 1268, 1270 (Ind.Ct.App.1989), *trans. denied*. Porter, who obtained new counsel after trial, attempts to submit evidence after the fact which otherwise could have been presented at trial. Thus, we agree with Appellees that the only evidence available for

## A. Standing

■ Porter first asserts that Greenwich lacks standing to challenge the validity of the tax deed issued on the Oliver property. In particular, Porter contends that because the assignment from Cityscape to Greenwich was not recorded, Greenwich did not possess a "substantial property interest of record" and, thus, was not entitled to receive notice of the tax sale.[5] In response, Greenwich points out that it has never asserted a right to receive notice under the tax sale statutes, but that Greenwich, as Cityscape's assignee, has the right to assert that Cityscape did not receive proper notice. According to Greenwich, Porter confuses standing with the right to receive notice under the tax sale statutes. We agree with Greenwich.

■ As this court explained in *Hosler ex rel. Hosler v. Caterpillar, Inc.,* 710 N.E.2d 193, 197 (Ind.Ct.App.1999), *trans. denied:*

> The judicial doctrine of standing focuses on whether the complaining party is the proper person to invoke the court's power. Standing is similar to, though not identical with, the real party in interest requirement of Indiana Trial Rule 17. Both are threshold requirements intended to insure that the party before the court has the substantive right to enforce the claim being asserted. Under the traditional private standing doctrine, a party must demonstrate both a personal stake in the outcome of the lawsuit and, at a minimum, that he is in immedi-

ate danger of sustaining some direct injury as a result of the conduct at issue. (Citations and quotations omitted).

■ In this case, Greenwich clearly has standing to move to set aside the tax deed issued to Porter. Porter does not dispute that Cityscape assigned its interest in the mortgage to Greenwich. And it is well established that an assignee of a contract takes the assignor's rights and becomes subject to the same obligations. *Lake County Trust Co. v. Household Merchandising, Inc.,* 511 N.E.2d 512, 514 (Ind.Ct. App.1987) (citing 3 I.L.E. § 44, p. 188). Stated differently, the assignee stands in the shoes of the assignor. *Pettit v. Pettit,* 626 N.E.2d 444, 447 (Ind.1993). Even though the assignment of the mortgage from Cityscape to Greenwich was not recorded, and Greenwich is not entitled to notice under the tax sale statutes, Greenwich nevertheless has standing to assert any and all rights of Cityscape as the assignee. *Cf. National City Bank v. Morris,* 717 N.E.2d 934, 936 (Ind.Ct.App. 1999) (holding assignee's assertion that assignor lacked standing to challenge garnishment lacked merit because assignor expressly retained certain rights), *trans. denied.*

Still, in support of his argument that Greenwich lacks standing, Porter cites to *Avco Financial Servs. v. Metro Holding Co.,* 563 N.E.2d 1323 (Ind.Ct.App.1990). But that case addresses whether a party is entitled to receive notice under the tax sale statutes, not whether a party has standing. As we have stated, Greenwich does not claim that it is entitled to notice, only that it has standing to assert any and

---

our review is that which the parties presented during the trial.

**5.** Indiana Code Sections 6–1.1–25–4.5 and 4.6 require that notice be sent to any person with a "substantial property interest of public rec-

ord," which is defined as "title to or interest in a tract possessed by a person and recorded in the office of a county recorder or available for public inspection...." Ind.Code § 6–1.1–24–1.9.

all rights Cityscape had under the mortgage.

Porter also directs us to *Calhoun v. Jennings*, 512 N.E.2d 178 (Ind.1987) and *Gossett v. Auburn Nat'l Bank*, 514 N.E.2d 309 (Ind.Ct.App.1987), *cert. denied*, 488 U.S. 927, 109 S.Ct. 312, 102 L.Ed.2d 330 (1988). However, those cases are inapposite. *Calhoun* involves a mortgage holder, First National, which initiated foreclosure proceedings at the same time the county initiated tax sale proceedings. *Id.* at 179. The county did not provide notice of the tax sale to First National under the tax sale notice statute in effect at that time because First National was not the owner of record and, as a result, the purchaser of the property at the foreclosure sale, Rushville National, also lacked notice of the tax sale. *Id.* Rushville National eventually filed suit and argued, among other things, that the tax sale notice statutes violated the due process rights of First National. The court determined Rushville National lacked standing to raise the constitutional challenge because it could not show injury by operation of the tax sale notice statute. *Id.* at 182. Similarly, in *Gossett*, this court followed the decision in *Calhoun* and held that a post-tax sale mortgagee lacked standing to challenge the constitutionality of the tax sale notice statute where the post-tax sale mortgagee argued that the statute allegedly violated the due process rights of the pre-tax sale mortgagee. *Gossett*, 514 N.E.2d at 313.

Neither *Calhoun* nor *Gossett* involve the assignment of mortgage interests and, thus, are distinguishable. Here, as we have stated, Cityscape assigned its rights under the properly recorded mortgage to Greenwich. As Cityscape's assignee, Greenwich has standing to challenge whether Porter provided adequate notice to Cityscape, the mortgage holder of record. We conclude that Greenwich has standing to challenge the tax deed issued to Porter.

## B. Substantial Compliance

■■■■ Next, Porter argues that the trial court erred in setting aside the tax deeds because both Greenwich and Bankers Trust received actual notice of the tax sale. A tax sale is purely a statutory creation, and material compliance with each step of the statute is required. *Maudlin v. Hall*, 700 N.E.2d 469, 471 (Ind. Ct.App.1998). While a tax deed creates a presumption that a tax sale and all of the steps leading to the issuance of the tax deed are proper, this presumption may be rebutted by affirmative evidence to the contrary. *Id.* Additionally, title conveyed by a tax deed may be defeated if the notices were not in substantial compliance with the manner prescribed in accordance with our notice statutes, Indiana Code Sections 6–1.1–25–4.5 and 4.6. *Id.* (citing Ind. Code § 6–1.1–25–16).

At all times relevant to these proceedings, Indiana Code Section 6–1.1–25–4.5 provided in relevant part that "[a] purchaser ... is entitled to a tax deed to the property that was sold only if ... the purchaser ... gives notice of the sale and the date of expiration of the period of redemption to the owner and any person with a substantial property interest of public record in the tract or real property." In addition, Indiana Code Section 6–1.1–25–4.6 provided that, following the redemption period, the purchaser may file a verified petition asking the court to issue a tax deed and that:

> [n]otice of the filing of this petition and the date on or after which the petitioner intends to make application for an order on the petition shall be given to the owner and any person with a substantial interest of public record ... in the same manner as provided in section 4.5 of this

chapter, except that only one (1) publication is required.

As we have discussed, our supreme court explained the two separate notices required under the tax sale statutes in *Smethers*, 714 N.E.2d at 133. The purchaser of property at a tax sale must first provide notice pursuant to section 4.5, which "announces the fact of the sale, the date the redemption period will expire, and the date on or after which a tax deed petition will be filed." *Id.* Next, the purchaser must provide notice under section 4.6, which announces that the purchaser has, in fact, petitioned for the tax deed. *Id.* Under *Smethers*, it is clear that both notices must be sent to the property owner and any person with a "substantial property interest of public record." *Id.* (citations omitted).[6]

■ Here, it is undisputed that Porter sent notices to Bankers Trust and Cityscape pursuant to section 4.5. Porter then filed his verified petition seeking an order of tax deed pursuant to section 4.6 but did not provide the notice required under section 4.6. Based on these undisputed facts, Greenwich and Bankers Trust presented affirmative evidence sufficient to rebut the presumption that the issuance of the tax deeds to Porter was proper. *See Mauldin*, 700 N.E.2d at 471.

Still, Porter argues that he substantially complied with the notice statutes, and cites to *Smith v. Breeding*, 586 N.E.2d 932 (Ind.

Ct.App.1992), and *Anton v. Davis*, 656 N.E.2d 1180 (Ind.Ct.App.1995), *trans. denied.* In *Smith*, 586 N.E.2d at 937, we determined that a tax deed was valid even though the auditor had not entered the delinquent owner's address in the transfer book nor on the face of the deed as required by statute, which resulted in the delinquent owner not receiving notice of the tax sale or expiration of the redemption period. In holding that the tax deed was valid despite the lack of notice, we reasoned that the delinquent property owner, who had been paying property taxes for years, should have informed the auditor of his change in address. In fact, the owner had received tax statements at his new address that were improperly addressed to his former residence but took no action to correct the error. *Id.* at 936. Similarly, in *Anton*, 656 N.E.2d at 1183, we addressed whether a variety of deficiencies in notices sent by the county auditor to the delinquent property owner were sufficient to void the tax sale. The notices contained errors like incorrect mailing addresses and incorrect dates of sale. *Id.* at 1182. We concluded that the property owner was not harmed by the deficiencies and that they were not fatal as a matter of law to the tax deed. *Id.* at 1185.

Porter's reliance on *Smith* and *Anton* is misplaced. Neither *Smith* nor *Anton* involve a county auditor's or purchaser's total failure to adhere to the requirement that notice be sent when the petition seek-

6. In *Smethers*, 714 N.E.2d at 132, like in this case, the purchaser, not the county auditor, filed a petition for a tax deed. That fact is critical because the language of section 4.6 makes the filing of a verified petition mandatory for the county but only permissive for a purchaser or the purchaser's assignee. *Compare* I.C. § 6–1.1–25–4.6(a)(1) (the purchaser or the purchaser's assignee may file a verified petition), *with* I.C. § 6–1.1–25–4.6(a)(2) (in a county having a consolidated city ..., the county auditor shall file a verified petition).

Although neither party discusses the case, our court previously determined that the filing of a verified petition seeking an order of tax deed is permissive not only for the purchaser or his assignee but also for the county. *Northern Industries v. Bd. of Commissioners of Delaware County*, 627 N.E.2d 1319, 1321, n. 1 (Ind.Ct.App.1994). To the extent that our previous statement in *Northern Industries* conflicts with the plain wording of the statute in effect at that time, we find that statement erroneous.

ing a tax deed is filed. Rather, the auditor in those cases attempted to comply with all statutory notice requirements. Here, however, Porter wholly failed to send one of the two notices required. Porter's actions do not constitute substantial compliance with the notice statutes.

Additionally, while Porter claims that Bankers Trust and Cityscape had actual notice of the *tax sale*, it does not follow that they had actual knowledge that he had *petitioned for a tax deed*. Had Bankers Trust and Cityscape been provided such notice, they would have had an opportunity to contest the petition at that time. Without notice under section 4.6, Bankers Trust and Greenwich were required to intervene after the tax deeds were issued and seek to have the deeds set aside. Not only did Porter's failure to comply with section 4.6 harm Bankers Trust and Greenwich, but it has also required the trial court to address issues which otherwise could have been resolved when Porter petitioned for the tax deeds.

Porter's arguments amount to a request that we hold that notice under section 4.6 is unnecessary as long as the property owner or person with a substantial property interest of public record had knowledge that the tax sale occurred. Our legislature has determined that a purchaser must provide notice to the property owner and any person with a substantial property interest of record not only pursuant to section 4.5, but also when the purchaser files a petition for tax deed. I.C. § 6–1.1–25–4.6. It is not this court's role to second-guess that procedure. *See e.g., Lewis v. Bd. of School Trustees*, 657 N.E.2d 180, 184 (Ind.Ct.App. 1995) (deciding not this court's role to second-guess legislative policy decisions regarding public school teacher termination procedures), *trans. denied.* Because Porter failed to provide notice that he had filed a petition seeking tax deeds on the Oliver and Holcomb properties, we conclude that the evidence supports the trial court's order to set aside the tax deeds issued to Porter.[7]

### C. Equity

Finally, Porter asserts that "equity and justice" demand that his tax deeds be reinstated because he purchased the properties in good faith, performed all necessary elements required by the tax sale statutes, and helped the county by eliminating the properties from the delinquency list.

■ As a general proposition, a trial court has full discretion to fashion equitable remedies that are complete and fair to all parties involved. *G & N Aircraft, Inc. v. Boehm*, 743 N.E.2d 227, 243 (Ind. 2001). However, our courts generally will not exercise equitable powers when an adequate remedy at law exists. *State ex rel. Hahn v. Howard Circuit Court*, 571 N.E.2d 540, 541 (Ind.1991). Equity has power, where necessary, to pierce rigid statutory rules to prevent injustice. *Metro. School Dist. of Southwest Parke v. Vaught*, 249 Ind. 412, 417, 233 N.E.2d 155, 158 (1968). But where substantial justice can be accomplished by following the law, and the parties' actions are clearly governed by rules of law, equity follows the law. *Id.*

■ Here, Porter invokes principles of equity in the context of a challenge to the issuance of a tax deed. As we have stated, a tax sale is purely a statutory creation

---

7. There is also a dispute whether the notice Porter sent to Bankers Trust pursuant to Indiana Code Section 6–1.1–25–4.5 complied with the statute because it was sent to Bankers Trust's attorney. However, we need not address that issue because we have determined that Porter's failure to provide notice under section 4.6 supports the trial court's decision to set aside the tax deeds.

and, therefore, parties must strictly comply with each step set forth in the statutes. *See Maudlin,* 700 N.E.2d at 471. In this case, the parties' actions are clearly governed by the tax sale statutes, and no injustice will result from following the statute. Thus, in this case equity must follow the law. *See Vaught,* 249 Ind. at 417, 233 N.E.2d at 158.

## CONCLUSION

In sum, we conclude that Greenwich, as Cityscape's assignee, has standing to challenge the tax deed issued to Porter. In addition, we conclude that the evidence supports the trial court's decision to set aside and vacate the tax deeds previously issued.

Affirmed.

BAILEY and ROBB, JJ., concur.