FILED

Aug 28 2025, 9:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



# IN THE
# Court of Appeals of Indiana

Maria Navarette,

*Appellant*

v.

Elkhart County Auditor and Elkhart County Treasurer,

*Appellees*

---

August 28, 2025

Court of Appeals Case No.
25A-TP-755

Appeal from the Elkhart Circuit Court

The Honorable Michael A. Christofeno, Judge

Trial Court Cause Nos.
20C01-2411-TP-474
20C01-2411-TP-475
20C01-2411-TP-476
20C01-2411-TP-477

**Opinion by Judge Brown**
Judges Bailey and Weissmann concur.

**Brown, Judge.**

[1] Maria Navarette appeals the trial court's denial of her Petitions for Extension of Time for Redemption. We affirm.

## Facts and Procedural History

[2] Navarette placed the winning bid at a tax sale with respect to four parcels of real property in Elkhart County. An "Assignment" dated April 23, 2024, with respect to each parcel stated:

> The purchaser of the assignment of the tax sale certificate, above named, having paid the treasury of Elkhart County said purchase money (he or she being the highest and best bidder for cash), will be entitled to a deed for the tract of land so purchased as above described at the expiration of the redemption period (Wednesday, August 21, 2024) and after said purchaser complies with the statutory requirements of IC 6-1.1-25-4 et seq., if the same shall not have been previously redeemed.

Appellant's Appendix Volume II at 21, 47, 73, 99.

[3] Navarette's counsel sent a "Notice of Tax Sale" dated September 23, 2024, to three of the record parcel owners stating, "unless the property is redeemed as provided in IC 6-1.1-25 et seq., during the redemption period, then on or after August 21, 2024, the purchaser will petition for a tax deed to be issued." *Id.* at

24, 50, 76. In a letter to Navarette dated November 8, 2024, Navarette's counsel at the time stated "[t]his letter is to inform you that the notices of tax sale were sent certified mail to the property owners," "[h]owever they were sent after the deadline," "[d]ue to the fact that the notices did not get mailed by the deadline, I suggest that you consult with another attorney," and "[t]here is a conflict with my continued representation of you due to the statutory deadline not being met." *Id.* at 25.

[4] On November 21, 2024, Navarette, by new counsel, filed a "Verified Petition for Extension of Time for Redemption" with respect to each of the parcels. *Id.* at 15, 41, 67, 93. The Petitions each stated "[t]he date for redeeming the above-described property was August 21, 2024," "[t]he latest date for sending the 4.5 Notices of Redemption to owners of record and parties with substantial interest in the real estate was ninety (90) days after the date of sale, which in this case was July 21, 2024," "[o]n May 15, 2024 she employed an attorney to send 4.5 and 4.6 Notices to the owners of record and interested parties and to request issuance of tax deeds if the properties had not been redeemed by the redemption date," "[o]n November 8, 2024, the attorney she had employed wrote to her and advised her to obtain another lawyer because the Notices had been sent after the redemption date," and, "[o]n November 14, 2024, she employed [new counsel] to request an extension of the redemption time and court authority to

file notices and request for issuance of the tax deeds."[1] *Id.* at 15-16, 41-42, 67-68, 93-94. She cited *Atkins v. Niermeier*, 671 N.E.2d 156 (Ind. Ct. App. 1996), and requested that the court grant her an extension of the redemption period by at least 120 days in order comply with the statutory requirements for obtaining a tax sale deed.

[5] The Elkhart County Auditor and Treasurer ("Respondents") filed objections, arguing "Indiana law only supports equitable relief from the statutory process of a tax sale and redemption if there is 'a material misrepresentation during the statutory tax sale process.'" *Id.* at 26-27, 52-53, 78-79, 103-104 (citing *Marion Assets 2020, LLC v. Fiascone Family LP*, 211 N.E.3d 1, 12 (Ind. Ct. App. 2023)). They argued "Navarette does not allege a material misrepresentation during the tax sale process by an interested party in the tax sale but a mistake by her agent." *Id.* at 27, 53, 79, 104. The court held a hearing and took the matter under advisement.

[6] On March 11, 2025, the trial court issued an order denying Navarette's Petitions and sustaining Respondents' objections. The court found:

> [Navarette] concedes that she did not timely and properly follow
> the statutory requirements of the tax sale process because, as her

---

[1] Ind. Code § 6-1.1-25-4.5 provides that a purchaser is entitled to a tax deed only if the purchaser gives notice of the sale to the owner of record at the time of the sale and any person with a substantial property interest of public record in the real property. Ind. Code § 6-1.1-25-4.6 provides that a purchaser shall file a petition with the trial court requesting the court to direct the county auditor to issue a tax deed if the property was not redeemed from the sale and that notice of the filing of the petition shall be given to the same parties as provided in Ind. Code § 6-1.1-25-4.5.

attorney argued at the hearing, [Navarette's] first attorney did not follow the statutory law in providing the required notices. Accordingly, [Navarette] is not entitled to equitable relief under Indiana law from the statutory process of a tax sale because she cannot show she suffered a material misrepresentation during the statutory tax sale process.

*Id*. at 13.

## Discussion

The trial court's decision to grant equitable relief is reviewable only for an abuse of discretion. *Marion Assets 2020*, 211 N.E.3d at 10. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*.

Navarette claims the trial court abused its discretion in denying her Petitions, arguing "[t]he time within which one may redeem from a tax sale may be extended when the tax sale purchaser fails to give the required statutory notice of expiration of the redemption period." Appellant's Brief at 15 (citing *Atkins*, 671 N.E.2d at 159). She argues that she "was free from wrongdoing in the matter before the court, and her behavior justified the relief she was seeking." *Id*. at 16. She also argues "[f]acts and circumstances in these cases often involve a material misrepresentation during the statutory tax sale process," and "[h]owever, there are other situations, such as what [she] has experienced, which do not occur during the statutory process but that demonstrate the need for an equitable remedy." *Id*. at 19.

Respondents maintain that Navarette's attorney "failed to send the 4.5 and 4.6 Notices within the time prescribed by the statute" and "[f]ailure to comply with the statutory notice requirement means that Navarette is not entitled to her tax deeds as a matter of law." Appellees' Brief at 12-13. They argue that Navarette does not claim "that her representative was deprived of the opportunity to comply with the statute," "[r]ather, she states that the issue is that her attorney did not meet statutory deadlines," and "[t]his is not the kind of deprivation that warrants equitable relief." *Id*. at 15.

"A tax sale is purely a statutory creation, and material compliance with each step of the statute is required." *Iemma v. JP Morgan Chase Bank, N.A.*, 992 N.E.2d 732, 738 (Ind. Ct. App. 2013) (citations omitted). The Indiana Supreme Court has stated:

> The General Assembly codified tax sale requirements when a real property owner becomes delinquent on property taxes. *See* I.C. § 6-1.1-24 *et seq*. After a tax sale, "the county auditor shall deliver a certificate of sale to the purchaser[.]" I.C. § 6-1.1-24-9(a). . . . If the owner fails to redeem the property within the redemption period, the purchaser is entitled to a tax deed. *Id.* § 6-1.1-25-4. But before the issuance of a tax deed, the purchaser must give "the owner of record at the time of the sale," *id.* § 6-1.1-25-4.5(a), and any interested party "notice by certified mail, return receipt requested," *id.* § - 4.5(d). The owner of record and any interested party are entitled to two notices. The first notice must inform the parties of the sale, the redemption period expiration date, and the date on or after a tax deed petition will be filed. *Id.* § -4.5(e). The second notice must inform the parties that the purchaser petitioned for a tax deed. *Id.* § 6-1.1-25-4.6.

*In re 2020 Madison Cnty. Tax Sale*, 218 N.E.3d 1274, 1281 (Ind. 2023), *cert. denied*, 145 S. Ct. 143 (2024). Navarette acknowledges that her former counsel did not timely send the required statutory notices. As Respondents note, "[t]he long standing rule in Indiana is that absent fraud or collusion between the attorney and the opposing side, acts or omissions of the attorney are attributable to the client." Appellees' Brief at 16 (citing *Kmart Corp. v. Englebright*, 719 N.E.2d 1249, 1255 (Ind. Ct. App. 1999), *trans. denied*).

[11] To the extent Navarette cites *Atkins*, we have summarized the case as follows:

> In *Atkins*, Niermeier purchased property at a tax sale. The county auditor later instructed Niermeier to relinquish his tax sale certificate because the property had been redeemed. After Niermeier complied, he learned that the purported redemption was contrary to the tax sale statute. Specifically, the auditor had permitted Atkins to redeem the property, but Atkins was neither an occupant of nor a person with a substantial interest in the property. When Niermeier learned that the property had been redeemed by a "stranger to the tax sale," he filed suit requesting the return of the tax certificate and an extension of the time period for redemption so that he could provide notice pursuant to the tax sale statutes. [*Atkins*, 671 N.E.2d at 158.]
>
> The trial court ordered the county auditor and treasurer to reissue a tax sale certificate to Niermeier. On appeal we affirmed that order, holding that:
>
> > Niermeier did not voluntarily relinquish his tax sale certificate. Rather, he acted without knowledge of the material facts in reliance upon directions from the county auditor. A court of equity has the power to require that to be done which should have been done. It was within the

> trial court's equitable power to order the county auditor to reissue a tax sale certificate to Niermeier . . . .

> *Id.* (citation omitted).

*Swami, Inc. v. Lee*, 841 N.E.2d 1173, 1177-1178 (Ind. Ct. App. 2006) (footnote omitted), *trans. denied*.

[12] We have since stated "our case law has supported the use of equitable relief when the basis alleged for setting aside a tax deed is premised not on a ground enumerated in section 16[2] but instead on a material misrepresentation during the statutory tax sale process." *Marion Assets 2020*, 211 N.E. 3d at 12 (citing *Town of Edinburgh v. Black*, 48 N.E.3d 340, 347 (Ind. Ct. App. 2015) (holding that the original property owner was entitled to equitable relief when he paid the amount the county auditor had represented to him to be the redemption amount, which turned out to be an incorrect amount); *Tajuddin v. Sandhu Petro. Corp.*, 921 N.E.2d 891, 895 (Ind. Ct. App. 2010) (holding that the original property owner was entitled to equitable relief where the tax assessment on the sold property had been misattributed to a different property owned by the owner, and which assessment the owner had paid); *Atkins*, 671 N.E.2d at 158).

---

[2] Ind. Code 6-1.1-25-16 provides that "[a] person may . . . defeat the title conveyed by a tax deed" if "(7) the notices required by IC 6-1.1-24-2, IC 6-1.1-24-4, and sections 4.5 and 4.6 of this chapter were not in substantial compliance with the manner prescribed in those sections."

Here, Navarette does not point to "a material misrepresentation" which was made to her or her counsel "during the statutory tax sale process." *See id*. Unlike in *Atkins*, where Niermeier acted without knowledge of the material facts in reliance upon directions from the county auditor, Navarette does not establish that she or her attorney were provided with any incorrect information, or that she or her attorney acted without knowledge of any material fact or in reliance upon a representation of the county auditor or another government office.

We have noted that "[e]quity has power, where necessary, to pierce rigid statutory rules to prevent injustice." *Porter v. Bankers Tr. Co. of California*, 773 N.E.2d 901, 908 (Ind. Ct. App. 2002). "But where substantial justice can be accomplished by following the law, and the parties' actions are clearly governed by rules of law, equity follows the law." *Id*. "As we have stated, a tax sale is purely a statutory creation and, therefore, parties must strictly comply with each step set forth in the statutes." *Id*. at 908-909. Navarette and her former attorney's actions, specifically, the failure to send the required notices, were clearly governed by the tax sale statutes. No injustice will result from following the tax sale statutes here. *See id*. at 907-909 ("[I]t is undisputed that Porter sent notices to Bankers Trust and Cityscape pursuant to section 4.5. Porter then filed his verified petition seeking an order of tax deed pursuant to section 4.6 but did not provide the notice required under section 4.6. . . . [T]he parties' actions are clearly governed by the tax sale statutes, and no injustice will result from following the statute. Thus, in this case equity must follow the law.").

We conclude that the trial court did not abuse its discretion in denying Navarette's Petitions for Extension of Time for Redemption.

[15] For the foregoing reasons, we affirm the trial court.

[16] Affirmed.

Bailey, J., and Weissmann, J., concur.

ATTORNEYS FOR APPELLANT

Nancy A. McCaslin
James L. McCaslin
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEES

Nathaniel M. Jordan
Nicholas J. Gerstbauer
Yoder Ainlay Ulmer & Buckingham, LLP
Goshen, Indiana