# FOR PUBLICATION

ATTORNEYS FOR APPELLANTS:

**JON L. ORLOSKY**
Muncie, Indiana


**NANCY A. MCCASLIN**
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEES:

**THEODORE J. NOWACKI**
**DAVID J. JURKIEWICZ**
**EMILY M. SLATEN**
**CURTIS T. JONES**
Bose McKinney & Evans LLP
Indianapolis, Indiana

**FILED**

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY J. IEMMA, et al., | ) | |
| | ) | |
| Appellants/Defendants, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1207-MF-326 |
| | ) | |
| JP MORGAN CHASE BANK, N.A. | ) | |
| SUCCESSOR BY MERGER WITH | ) | |
| BANK ONE, N.A., | ) | |
| | ) | |
| Appellees/Defendants. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge; The Honorable David Ready, Special Judge
Cause No. 20C01-0611-MF-188

**June 13, 2013**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

STATEMENT OF THE CASE

LRB Holdings, Inc. ("LRB") appeals from the Elkhart Circuit Court's orders in Cause No. 20C01-0911-MI-41 ("Cause No. 41") granting the setting aside of tax deeds purchased by LRB on two lots with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516 and denying LRB's motion to correct error. JP Morgan Chase Bank, N.A. ("Chase Bank"), as mortgagee-by-merger of the two lots with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516, filed the motion to set aside the tax deeds on the common property. Other named parties are Anthony J. Iemma ("Anthony"); Sandra Iemma ("Sandra") (collectively, "the Iemmas"); Roswell Properties, LLC LTD ("Roswell"); Samuel J. Iemma; and Lillian Iemma.

Anthony and Sandra appeal from the Elkhart Circuit Court's partial summary judgment and decree of foreclosure in Cause No. 20C01-0611-MF-188 ("Cause No. 188"), wherein the Court granted Chase Bank's motion for partial summary judgment and foreclosure on the common property consisting of two lots with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516.

On December 11, 2012, Chase Bank filed a motion requesting that the same panel of this Court decide both appeals. On January 11, 2013, this Court consolidated the appeals pursuant to Indiana Appellate Rule 38(B).[1]

We reverse and remand.

---

[1] Indiana Appellate Rule 38(B) provides that where "two (2) or more appeals involve a common question of law or fact, the Court on Appeal may order a consolidation of the appeals upon its own motion, or upon the motion of any party."

<u>ISSUES</u>

1.      Whether the trial court erred in determining that the tax deeds should be set aside in Cause No. 41 because LRB failed to comply with statutory notice requirements.

2.      Whether the trial court erred in determining that the tax deeds should be set aside in Cause No. 41 because LRB failed to comply with due process requirements.

3.      Whether the trial court erred in determining that the tax deeds should be set aside in Cause No. 41 because LRB failed to comply with statutory property description requirements.

4.      Whether the trial court's entry of partial summary judgment and decree of foreclosure in Cause No. 188 is of no effect because of our resolution of the issues presented in Cause No. 41.

<u>FACTS AND PROCEDURAL HISTORY</u>

On February 10, 1997, the Iemmas entered into a $250,000 Home Equity Line of Credit Agreement (the "Note") with Bank One-Merrillville.  The Note was secured by a mortgage agreement (the "Mortgage") with Bank One-Merrillville on real property with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516.  The Mortgage was recorded on February 20, 1997, by the Elkhart County Recorder.

The legal description under the Mortgage for the common address 1034 East Jackson Boulevard, Elkhart, IN 46516, which actually contains two lots, is:

> The East Fifty-seven and eighty-four hundredths (57.84) feet of Lot Number Three (3) and Lot Number (4) exception six (6) feet by parallel lines from off the East Side thereof, as the said Lots are known and designated on the recorded Plat of KENYON ADDITION to the City of Elkhart, Indiana; said Plat being recorded in Deed Record 60, page 502 of the record in the Office of the Recorder of Elkhart County, State of Indiana. SUBJECT to the overflow rights of the Indiana and Michigan Electric Company.

3

(Iemmas' App. 33).

The Mortgage on the two lots with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516 designates the Iemmas collectively as the "Grantor" and Bank One-Merrillville, 1000 East 80th Place, Merrillville, IN 46410 as "Lender." (Iemmas' App. 106). Two addresses with notations, one for Bank One-Merrillville and the other for Bank One, Indianapolis, NA ("Bank One-Indianapolis"), are listed at the top of the recorded mortgage above a line stating, "SPACE ABOVE THIS LINE IS FOR RECORDER'S USE ONLY." (Iemmas' App. 106). The addresses and notations state the following:

RECORDATION REQUESTED BY:

[Bank One-Merrillville]
1000 East 80th Place
Merrillville, IN 46410

WHEN RECORDED MAIL TO:

[Bank One-Indianapolis]
1111 Monument Circle, Suite 431
Indianapolis, IN 46277

*Id*.

The Note and the Mortgage provide that the entire indebtedness may be accelerated by Bank One-Merrillville upon the Iemmas' default. The Mortgage further provides that Bank-One Merrillville has the right to foreclose its mortgage.

On July 1, 2004, Chase Bank became the successor-by-merger to Bank One-Merrillville and Bank One-Indianapolis through mergers with both entities, and on

4

November 10, 2006, Chase Bank filed its "Complaint on Note and To Foreclose Mortgage" in the Elkhart Circuit Court under Cause No. 188[2] to foreclose the Mortgage for the two lots with a common address of East Jackson Boulevard, Elkhart, IN 46516. The complaint sought personal judgment against Sandra and an *in rem* judgment against Anthony on account of a bankruptcy filed by him.

Chase Bank moved for summary judgment on March 26, 2007. In their response to the motion, the Iemmas designated Sandra's affidavit, wherein she argued that the signatures on the Note and Mortgage were not hers. Thereafter, Chase Bank engaged in discovery as to the validity of Sandra's signatures. However, Chase Bank waited until April of 2010 to depose the Iemmas.

Meanwhile, the taxes on the two lots with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516 were not paid. On November 30, 2009, LRB was the successful bidder for the tax sale certificates that cover the two lots—Lots Number Three ("Lot 3") and Number Four ("Lot 4")—as described by the legal description in the Mortgage. The tax sale was the result of an order by the Elkhart Circuit Court in Cause No. 41.[3]

LRB hired a title corporation to conduct a lien search, and the title corporation's report indicated an unreleased mortgage for the two lots with a common address of 1034

---

[2] The Honorable David Ready, Special Judge presided over Cause No. 188.

[3] The Honorable Terry C. Shewmaker presided over Cause No. 41.

5

East Jackson Boulevard, Elkhart, IN 46516 in favor of Bank One-Merrillville with an address of 1000 East 80th Place, Merrillville, IN 46410; an unreleased mortgage in favor of Roswell with an Ohio address; and a mortgage in favor of Lillian M. Iemma. The report also indicated that Chase Bank had filed a pending suit on November 10, 2006, and that the "judgment creditor's attorney of record is Mercer Belanger, c/o Jennifer R. Fitzwater . . . [and] Bose McKinney & Evans, LLP, c/o Theodore J. Nowacki, Peyton L. Berg, 111 Monument Circle, Suite 2700, Indianapolis, IN 46204." (LRB's App. 253).

In August, 2010, LRB sent notices of sales and dates of expiration of the period of redemption to various parties pursuant to the tax sale certificates for the two lots at the common address of 1034 East Jackson Boulevard, Elkhart, IN 46516. Specifically, LRB sent notices by certified and regular mail to the Iemmas and to Bank One-Merrillville at its Merrillville office. The Iemmas received the notice; however, the notices sent to Bank One-Merrillville were returned as undeliverable. The returned certified mail envelope read "Return to Sender, attempted-not known, unable to forward." (App. 320). LRB did not send notice to the Bank One-Indianapolis address listed on the Mortgage.

Because LRB knew of Chase Bank's interests in Lots 3 and 4 of the common property of 1034 East Jackson Boulevard, Elkhart, IN 46516 as asserted in Elkhart Circuit Court Cause No. 188, it sent notices in August, 2011 to Chase Bank through its counsel of record at 111 Monument Circle, Suite 2700, Indianapolis, IN 46204. These notices were delivered and received by Chase Bank's Cause No. 188 counsel, who communicated the notices to Chase Bank.

6

On December 13, 2010, LRB filed its verified petition for an order directing the Elkhart County Auditor to issue the tax deeds for Lots 3 and 4 of the common property of 1034 East Jackson Boulevard, Elkhart, IN 46516. LRB sent notices of filing the aforementioned petitions to the Iemmas and Bank One-Merrillville at its Merrillville address. The notices sent to Bank One-Merrilville were returned as undeliverable. The returned notices contained the same notation as the original notices. LRB did not send notice to the Bank One-Indianapolis address listed on the Mortgage.

LRB also sent notices to Chase Bank through its counsel of record from the foreclosure case filed in Cause No. 188 involving Lots 3 and 4 of the common property of 1034 East Jackson Boulevard, Elkhart, IN 46516. These notices were delivered and received by Chase Bank's Cause No. 188 counsel, who communicated the notices to Chase Bank.

Thereafter, the Elkhart Circuit Court issued orders directing the issuance of the tax deeds to LRB for both lots of the common property of 1034 East Jackson Boulevard, Elkhart, IN 46516. Chase Bank challenged the issuance of the tax deeds for both lots of the common property of 1034 East Jackson Boulevard, Elkhart, IN 46516 in the Elkhart Circuit Court under Cause No. 41. Chase Bank alleged that LRB failed to provide adequate notice to Chase and to adequately describe the lots under the pertinent statutes. After a hearing on Chase Bank's challenge, the Elkhart Circuit Court, on September 19, 2011, ruled in favor of Chase Bank and effectively set aside the tax deeds. In doing so, the Elkhart Circuit Court ruled that LRB failed to comply with pertinent statutes when it

7

did not (1) send the redemption and petition notices to both addresses listed on the Mortgage, and (2) accurately describe the property. On May 21, 2012, the Elkhart Circuit Court denied LRB's motion to correct error in Cause No. 41.

While the tax deed case was proceeding in the Elkhart Circuit Court under Cause No. 41, the mortgage foreclosure case was also proceeding in the same court under Cause No. 188. During Sandra's deposition in April of 2010, she stated that all of the signatures on the Note, the Mortgage, and other loan documents either looked like hers or were hers. On January 24, 2012, Chase Bank filed an amended motion for summary judgment and designated Sandra's deposition statements as evidence. After a March 28, 2012 hearing on the motion, the Elkhart Circuit Court issued a June 18, 2012 "Partial Summary Judgment Entry and Decree of Foreclosure." (Iemmas' App. 12). In its order, the Elkhart Circuit Court entered summary judgment "in favor of Chase and against Defendants, Anthony J. Iemma *in rem* and Sandra S. Iemma *in personam* as to fewer than all the issues, claims, or parties pursuant to Indiana Trial Rule 56(C)." (Iemmas' App. 12-13). The Court explained that "[t]his entry is partial because the Iemmas' Cross-claim against [Roswell] remains pending . . . ." (Iemmas' App. 13). The Court determined that the Iemmas were in default and that Chase Bank's lien "is superior to all liens, claims or interests asserted by the Iemmas', and [Chase Bank's] Mortgage should be foreclosed and the Property sold in the manner provided by law." (Iemmas' App. 14-15).

LRB and the Iemmas now appeal.

## DISCUSSION AND DECISION

8

LRB's contentions turn on questions of law. Whether we review a trial court's original order or its order on a motion to correct error, we decide questions of law *de novo*. *See Cash in a Flash, Inc. v. Hoffman*, 841 N.E.2d 644, 647 (Ind. Ct. App. 2006) (original order); *Kornelik v. Mittal Steel USA, Inc.*, 952 N.E.2d 320, 324 (Ind. Ct. App. 2011) (order on motion to correct error), *trans. denied.*

1.      Statutory Notice Requirements

LRB contends that the trial court erred in determining that the tax deeds should be set aside because LRB did not comply with statutory notice requirements. LRB's contention is divided into two parts. First, LRB argues that Chase Bank is not entitled to notice because its status as a mortgagee is not recorded. Second, LRB argues that its mailing of notice to Bank One-Merrillville complies with the relevant notice statutes. We address each argument in turn.

   *a.      Right to Notice*

Even though LRB believes that Chase Bank is not entitled to notice because its status as mortgagee is not recorded, LRB concedes that Chase Bank has standing to challenge the issuance of the tax deeds. (LRB's Br. 13). It is important to note that Chase Bank is not arguing that LRB was required to look outside the chain of title; rather, it is arguing that as the surviving bank in a long line of mergers it can assert Bank One-Merrillville's right to require that notice be given in accordance with the requirements of pertinent statutes and due process. Under federal law pertaining to bank mergers, Chase Bank was not required to file anything or to give public notice of its interest in the two

9

lots with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516 because Bank One-Merrillville had already done so, and Chase Bank acquired Bank One-Merrillville's interest as a matter of law. *See CFS, LLC v. Bank of America*, 962 N.E.2d 151, 154 (Ind. Ct. App. 2012) (citing 12 U.S.C. § 215a(e)).

b.  *Relevant Notice Statutes*

"A tax sale is purely a statutory creation, and material compliance with each step of the statute is required." *Nieto v. Kezy*, 846 N.E.2d 327, 337 (Ind. Ct. App. 2006) (citing *Porter v. Bankers Trust Co. of California*, *N.A.*, 773 N.E.2d 901, 906 (Ind. Ct. App. 2002)). "While a tax deed creates a presumption that a tax sale and all of the steps leading to the issuance of the tax deed are proper, the presumption may be rebutted by affirmative evidence to the contrary." *Id*. An order to issue a tax deed will be given if the court finds that the notices have been provided pursuant to the statutes. *Diversified Invs., LLC v. U.S. Bank, N.A.*, 838 N.E.2d 536, 542 (Ind. Ct. App. 2005), *trans. denied*. However, "title conveyed by a tax deed may be defeated if the notices were not in substantial compliance with the manner prescribed" by the pertinent statutes. *Porter*, 773 N.E.2d at 906.

The Indiana Supreme Court summarized the procedures for obtaining a tax deed in *Tax Certificate Investments, Inc. v. Smethers*:

> A purchaser of Indiana real property that is sold for delinquent taxes initially receives a certificate of sale. A one-year redemption period ensues. If the owners fail to redeem the property during that year, a purchaser who has complied with the statutory requirements is entitled to a tax deed. The

10

> property owner and any person with a "substantial property interest of public record" must each be given two notices.
>
> The first notice announces the fact of the sale, the date the redemption period will expire, and the date on or after which a tax deed will be filed (i.e., redemption notice). The second notice announces that the purchaser has petitioned for a tax deed (i.e., notice of petition for tax deed).

714 N.E.2d 131, 133 (Ind. 1999) (internal citations omitted).

With regard to the redemption notice, Indiana Code § 6-1.1-25-4.5(a) requires that a tax sale purchaser is entitled to a tax deed to the property that was sold only if the purchaser "gives notice of the sale to the owner of record at the time of sale and any person with a substantial property interest of public record in the tract or real property." The person shall give notice by sending a copy of the notice by certified mail to "any person with a substantial property interest of public record at the address for the person included in the public record that indicates the interest." Ind. Code § 6-1.1-25-4.5(d). With regard to the notice of petition for tax deed, Indiana Code § 6-1.1-25-4.6(a)[4] requires that the purchaser give the notice required by section 4.5(d). The "substantial property interest of the public record" requirement under sections 4.5 and 4.6 refers to "title to or interest in a tract possessed by a person and recorded in the office of a county recorder or available for public inspection in the office of a circuit court clerk no later than the hour and date the sale is scheduled to commence under [IC 6-1.1-24]." I.C. § 6-1.1-24-1.9.

---

[4] Indiana Code § 6-1.1-25-4.6 was amended effective March 14, 2012. *See* Pub. L. No. 56-2012, § 15. The amendment does not apply in this case.

11

The trial court concluded that sections 4.5 and 4.6 required LRB to send notices not only to the mortgagee named in the Mortgage—Bank One-Merrillville—but also to Bank One-Indianapolis. As noted in the statement of the facts above, the Mortgage states in capital letters that the address to Bank One-Indianapolis was given solely for the recorder's use; it did not establish that Bank One-Indianapolis had an interest in the two lots with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516. Indeed, the first paragraph of the Mortgage unequivocally established that the interest holder was Bank One-Merrillville, 1000 East 80th Place, Merrillville, IN 46410.

The trial court further concluded that the address to Bank One-Indianapolis was in actuality an address for Chase Bank because it is an address for "Chase Tower." (LRB's App. 232). There is no indication in the recorded document that the address for the non-mortgagee Bank One-Indianapolis is an address for "Chase Tower," and even if the address did specifically refer to the "Chase Tower," there is no indication in the recorded mortgage that "Chase Tower" is or could be mortgagee of the property. Indeed, there are many entities who have their offices in the Chase Tower, including the legal counsel representing Chase Bank's property interests in the two lots of the common property of 1034 East Jackson Boulevard, Elkhart, IN 46516.

LRB was required by sections 4.5 and 4.6 to give notice to "any person with a substantial property interest of public record" in the two lots with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516. The Mortgage did not indicate that Bank One-Indianapolis was such a person; thus, LRB had no responsibility under the

12

statute to give notice to Bank One-Indianapolis. The trial court erred in determining that the statute gave notice rights to Chase Bank as the merging entity that exceed those owed to Bank One-Merrillville, the original mortgagee and/or lender. Thus, the trial court erred in setting aside the tax deeds on the basis that LRB failed to comply with the notice provisions of the pertinent statutes.

2.      Due Process

LRB contends that the trial court erred in concluding that its notices did not comply with due process requirements. Initially, we must determine whether the due process clause applies to a non-governmental entity like LRB. *See Tulsa Professional Collection Servs., Inc. v. Pope*, 485 U.S. 478, 485 (1988) (holding that the "Fourteenth Amendment protects [property interests], however, only from a deprivation by state action"). However, "when private parties make use of state procedures with the overt, significant assistance of state officials, state action may be found." *Id*. at 486. The government is significantly involved in tax sale proceedings as the taxing authority that files an application for judgment and order for sale; indeed, it is the county government that takes the property and sells it for unpaid taxes. *See Marion County Auditor v. Sawmill Creek, LLC*, 964 N.E.2d 213, 217 (Ind. 2012)). Furthermore, in some counties, the county auditor is responsible for giving notice to the property owners and/or persons with interest in the property. *See* I.C. 6-1.1-24-4; I.C. § 6-1.1-25-4.5(a)(3)(B). Without discussing the issue of state action by a non-governmental entity, both our Supreme Court and this Court have held that a non-governmental tax purchaser must comply with the

notice requirements of the due process clause. *See Smethers*, 714 N.E.2d 133-34; *Combs v. Tolle*, 816 N.E.2d 432, 438-39 (Ind. Ct. App. 2004). We will follow precedent and evaluate whether LRB's notices comply with due process requirements.

In *Sawmill*, our Supreme Court reiterated the federal standard that when notice is due "'[t]he means must be such as one desirous of actually informing the absentee might clearly adopt to accomplish it.'" 964 N.E.2d at 218 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950)). Thus, the notice must be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* "'But if with due regard for the practicalities and peculiarities of the case these [notice] conditions are reasonably met, the constitutional requirements are satisfied.'" *Id.* at 219 (quoting *Mullane*, 339 U.S. at 314-15).

In the present case, LRB sent notice by both registered and regular mail to the recorded address for the mortgagee/lender holding a recorded interest in the two lots with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516. The mail was returned undeliverable because the mortgagee/lender of record—Bank One-Merrillville—no longer exists. However, LRB, anticipated the notice problem after engaging a title company to conduct a lien search, and because of the search, it sent notice to Chase Bank through its counsel actively engaged in asking the Elkhart Circuit Court to foreclose upon the two lots with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516. LRB gave notice to Chase Bank's counsel, counsel

14

received the notice and passed it along to Chase Bank, and Chase Bank thereafter sat on its rights until after the tax deeds were issued.

As it did in its argument under Issue 1, Chase Bank makes much of LRB's decision not to send notice to Bank One-Indianapolis. However, LRB proceeded one step farther by giving notice to Chase Bank (the Bank with the current interest in the property) through its attorneys who were pursuing foreclosure in the Elkhart Circuit Court of the two lots with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516 at all times relevant to the tax sale involving the same property. LRB should not be punished for failing to anticipate that Chase Bank would not act upon this notice in a timely manner.

Chase Bank also argues that LRB did not satisfy due process when it gave notice to Chase Bank through counsel hired by Chase Bank to actively pursue foreclosure in the Elkhart Circuit Court of the two lots with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516. In support of its argument, Chase Bank first cites *Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 817 (Ind. 2012). In *Citimortgage*, our Supreme Court held that due process is not satisfied when a second mortgagee involved in an Indiana state court gives notice of a foreclosure to the first mortgagee's bankruptcy counsel involved in a federal court proceeding. *Id*. In other words, due process requires more than the mere possibility of notice to the intended party through an attorney hired to represent that party in another action. Here, however, LRB gave notice to counsel actively engaged in foreclosing on property that their clients were in imminent danger of

15

losing through the tax sale. The tax sale and the foreclosure actions in the Elkhart Circuit Court were inextricably linked as counsel on both sides were actively engaged in preserving the rights to the two lots with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516.

Chase Bank also cites several other cases in support of its due process argument. The first case is *Bennett v. Circus U.S.A.*, 108 F.R.D. 142, 147-49 (N.D. Ind. 1985). This case is inapposite as it does not discuss due process requirements, and it involves an attempt to personally serve a defendant through his corporate agent. The second case is *Hardy v. Maldonado*, 632 N.E.2d 381, 382 (Ind. Ct. App. 1994), which discusses the relationship between due process and service of process under the Indiana Trial Rules. In the case, the plaintiff served Mrs. Hardy but failed to serve her husband and son. This Court, citing *Washington v. Allison*, 593 N.E.2d 1273, 1275 (Ind. Ct. App. 1992), held that "actual knowledge derived from a source other than service of process does not satisfy the due process requirement" contemplated under Indiana Trial Rule 4.1. The case is inapposite as it deals with service of process where notice is left to the chance and guesswork. The final case is *Washington*, wherein the court held that "actual knowledge of a pending lawsuit derived from sources other than service is not relevant to the question whether the manner of service satisfies due process." While the court's statement is true, it must be read in the context of the preceding sentence which states that due process "requires service of notice in a manner reasonably calculated to inform the defendant of the pending lawsuit." *Id*.

16

Here, notice was required under the tax sale statutes, not the trial rules. Such notice can be achieved by yard signs, newspaper notices, and notices on doors; certainly, notice through counsel representing Chase Bank's property rights on the property is sufficient. More importantly, the issue is not Chase Bank's actual knowledge; rather, the issue is whether LRB gave notice under the circumstances of this case in a manner reasonably calculated to inform Chase Bank of the pending loss of its interest in the two lots with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516. Under the particularities and peculiarities of this case, LRB has done so. Accordingly, the trial court erred as a matter of law in determining that LRB's notices did not comply with due process requirements.

3.    Description of Property

LRB contends that the trial court erred in concluding that the content of its redemption notices did not substantially comply with subsection 4.5(e)(3), which provides that the notice shall contain *a* description of the tract or real property shown on the certificate of sale. LRB also contends that the trial court erred in concluding that the notices did not substantially comply with subsection 4.5(e)(14), which provides that the redemption notice must include "[t]he street address, if any, or a common description of the tract or real property." LRB further contends that the trial court erred in determining that the notices of petition for tax deeds did not comply with section 4.6, which provides that notices under the section must be given in the same manner as under section 4.5.

17

Indiana Code § 6-1.1-26-16(6) provides that a person may, upon appeal, defeat the title conveyed by a tax deed "only if . . . the description of the tract or real property was so imperfect as to fail to describe it with reasonable certainty." Additionally, Indiana Code § 6-1.1-25-16(7) provides that a person may, upon appeal, defeat the title conveyed by a tax deed "only if notices required by . . . sections 4.5 and 4.6 were not in substantial compliance with the manner prescribed in those sections."

Chase Bank argued below, and the trial court found, that the description of Lot 3 in the notices refers to the property's address as 1034 E. Jackson *St*., Elkhart, IN 46516 instead of 1034 E. Jackson *Blvd*., Elkhart, IN 46516. The trial court concluded as a matter of law that the use of "Street" rather than "Boulevard" "violate[d] Indiana Code § 6-1.1-25-4.5(e)(3)." (LRB's App. 234). The trial court does not give a reason why this mistake preceded by an accurate legal description of the property as found on the tax deeds does not constitute substantial compliance with section 4.5. We agree with the trial court that a mistake was made, but we find as a matter of law that the tax deed was in substantial compliance with section 4.5.

Chase Bank argued below, and the trial court found, that the "Verified Petition For Order Directing the Auditor of Elkhart County, Indiana To Issue A Tax Deed" (LRB's App. 297; 299) and the "Affidavit and Proof of Service" (LRB's App. 301; 338) contained legal descriptions that was "exactly the same for both [Lot 3] and [Lot 4] and are not correct." (LRB's App. 234). The trial court again found that this "discrepancy"

violated "Ind. Code § 6-1.1-25-4.5" *Id*. The trial court failed to give a reason why the legal description did not comply with section 4.5.

First, we note that the documents referred to by the trial court are not the notices described under section 4.5. Second, we observe that the legal description given on these documents is the exact description used by Chase Bank's successor in the Mortgage to describe its interest as mortgagee/lender in the two lots with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516. Finally, we observe that the legal descriptions in the notices to Chase Bank through its counsel are the same descriptions given in the tax sale certificates. Given these circumstances, we must conclude that the trial court erred as a matter of law in concluding that the notices were not in substantial compliance with section 4.5.

4.      Effect of the Resolution of Tax Sale Issues on the Grant of Partial Summary Judgment In the Foreclosure Case

At the time that the Elkhart Circuit Court granted partial summary judgment in Cause No. 188 ordering foreclosure and the subsequent sale of the two lots with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516, the Elkhart Circuit Court's order under Cause No. 41 setting aside the tax sale deeds of the two lots with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516 was a matter that was subject to appeal. In this opinion, we have decided the Cause No. 41 tax sale deed issues in favor of LRB and against Chase Bank. LRB is the owner of the two lots with a common address of 1034 East Jackson Boulevard, Elkhart, IN 46516, and there is no

19

longer any basis for the trial court's grant of summary judgment and foreclosure in Cause No. 188.  Accordingly, the trial court's order should be set aside.

## CONCLUSION

We reverse and remand with instructions that Elkhart Circuit Court vacate its order setting aside the tax deeds in Cause No. 41 and its grant of summary judgment and decree of foreclosure in Cause No. 188.

Reversed and remanded.

ROBB, C.J., and MAY, J., concur.