# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**LEWIS MAUDLIN**
Salem, Indiana

ATTORNEY FOR APPELLEE:

**S. ANTHONY LONG**
Long & Mathies Law Firm, P.C.
Boonville, Indiana

**FILED**
Mar 06 2014, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VINOD C. GUPTA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 87A01-1307-MI-340 |
| | ) | |
| HENRY S. BUSAN, | ) | |
| | ) | |
| Appellee-Plaintiff, | ) | |
| | ) | |
| HERITAGE FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE WARRICK CIRCUIT COURT
The Honorable David O. Kelley, Judge
Cause No. 87C01-1304-MI-520

**March 6, 2014**

**OPINION - FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issues

Vinod C. Gupta appeals the trial court's denial of his motion for summary judgment and its grant of summary judgment in favor of Henry S. Busan.[1]  He raises two issues for our review, which we restate as: whether the trial court erred in finding Gupta failed to comply with statutory notice provisions for obtaining a tax deed, and whether the trial court erred in granting summary judgment in favor of Busan.  Concluding that Gupta complied with the statutory notice provisions, we reverse and remand.

## Facts and Procedural History

In 2008, a lot owned by Busan was sold at a tax sale, and Gupta purchased the tax certificate.  The redemption period on this real estate was to expire on June 10, 2009.  On February 24, 2009, Gupta sent notice of the sale and redemption period to Busan by certified mail and first class mail within the statutorily prescribed timeframe.  The notices did not come back to Gupta.  Gupta also posted notice of the sale on the property.  After the redemption period expired, Gupta sent notice of his filing of a petition for issuance of a tax deed to Busan, both via certified mail and first class mail.  The notices were not returned to Gupta.  Busan did not receive the notices sent either by certified mail or first class mail, nor did he see the notice posted on the property.  Gupta then petitioned for, and received, a tax deed on the property.

---

[1] Although included as a party in this appeal pursuant to Appellate Rule 17(A), Heritage Federal Credit Union did not participate in this appeal. The summary judgment order at issue here applied only to Gupta and Busan; it did not resolve issues between Gupta and Heritage Federal Credit Union.

On March 22, 2012, almost four years after the sale, Busan filed an action to quiet title on the lot in Warrick Superior Court No. 1, arguing he just learned of the sale and that Gupta did not comply with the notice requirements, particularly, the certified mail requirements. After hearing arguments, the court granted summary judgment in favor of Busan. Gupta then filed a motion to correct error, arguing that the court did not have jurisdiction. The court agreed and transferred the cause to Warrick Circuit Court, which initially issued the tax deed to Gupta. In the circuit court, the complaint was treated as an action to set aside the court's grant of the tax deed pursuant to Trial Rule 60(B). Busan renewed his request for summary judgment, and Gupta made a cross-motion for summary judgment. After a hearing, the trial court concluded Gupta failed to comply with the certified mail requirements and awarded summary judgment in favor of Busan; Gupta's cross-claim for summary judgment was denied. Gupta now appeals.

Discussion and Decision

I. Standard of Review

Upon review of a trial court's grant of summary judgment, appellate courts will apply the same legal standard as the trial court: summary judgment is appropriate only in instances where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Diversified Invs., LLC v. U.S. Bank, NA, 838 N.E.2d 536, 539 (Ind. Ct. App. 2005), trans. denied, Ind. Trial Rule 56(c). The party appealing the trial court's grant of summary judgment has the burden of persuading the court that the grant of summary judgment was erroneous. Diversified Invs., LLC, 838 N.E.2d at 539. The fact that the parties made cross-motions for summary judgment does not alter our standard of

3

review; we will consider each motion separately to determine if the moving party was entitled to summary judgment as a matter of law. Id. The facts in this case are undisputed. Therefore, we must determine whether the trial court correctly applied the law to the facts. Smith v. Breeding, 586 N.E.2d 932, 935 (Ind. Ct. App. 1992).

## II. Notice Requirements

Under Indiana Code section 6-1.1-25-4.6(h), a tax deed is incontestable except by an appeal or by a Trial Rule 60(B) motion filed within sixty days of the issuance of the deed. Diversified Invs., LLC, 838 N.E.2d at 544. The only exception to this is where a motion for relief from judgment alleges a tax deed is void due to constitutionally inadequate notice; then, the motion must be filed within a "reasonable time." Id. at 545. The "reasonable time" determination varies with the circumstances of each case. Edwards v. Neace, 898 N.E.2d 343, 349 (Ind. Ct. App. 2008). Prejudice to the opposing party and the reason for the delay in filing the motion to set aside the judgment are relevant to the question of timeliness. Id. To comply with due process, a purchaser must give notice that is reasonably calculated to inform interested parties of the pending action in order to afford them an opportunity to present objections. Iemma v. JP Morgan Chase Bank, N.A., 992 N.E.2d 732, 740 (Ind. Ct. App. 2013). If the notice is reasonably calculated to inform under all of the circumstances of the particular case, the constitutional requirements are satisfied and the issuance of the tax deed will be upheld. Id.

Here, Busan's complaint was treated by the trial court as a motion to set aside the judgment under Trial Rule 60(B), though it was captioned as a complaint to quiet title. Thus, the trial court would be permitted to hear the complaint within a "reasonable time"

4

instead of within sixty days only if Busan alleged that he did not receive constitutionally adequate notice. See Diversified Invs., LLC, 883 N.E.2d at 544. Here, neither party raised whether the complaint was brought within a reasonable time under this standard, and the trial court failed to make this determination on its own.

Aside from the fact that Busan failed to show his petition was filed within a reasonable time, he did not present an argument that Gupta's notice was not reasonably calculated to inform, as is the requirement to set aside the issuance of a tax deed for constitutionally inadequate notice. Instead, he argued that Gupta failed to comply with the statutory requirements for sending the notices by certified mail. Transcript at 14. Gupta denied Busan's claim that the notice was deficient because of the certified mail requirement and argued that he provided adequate notice. The trial court made its summary judgment decision based on Gupta's alleged failure to follow statutory requirements for certified mail rather than determining whether the notice was constitutionally adequate. Because Busan did not file the motion within sixty days and did not allege inadequate notice to meet the exception, the trial court should not have entertained his motion for relief; however, Gupta did not raise this issue either at the trial court or on appeal, and we will not become an advocate for a party. See Abbott v. Bates, 670 N.E.2d 916, 924 (Ind. Ct. App. 1996). All of these deviations from the established process to set aside a tax deed under Trial Rule 60(B) contributed to the unique issue presented here upon appeal, which we now address.

Gupta, as purchaser of real estate at a tax sale, was required to send two notices to properly obtain a tax deed. The first requires the purchaser to give notice of the redemption period to the owner of record and/or any person with a substantial property interest of

public record.  See Ind. Code § 6-1.1-25-4.5. The second notifies the interested parties that the purchaser is filing a petition for a tax deed after the redemption period has expired.  See Ind. Code § 6-1.1-25-4.6.  Both of these notices must be sent by certified mail. Ind. Code § 6-1.1-25-4.5(d); Ind. Code § 6-1.1-25-4.6(a).  There is no requirement that notice is actually received.  In re Sale of Real Prop. with Delinquent Taxes or Special Assessments, 822 N.E.2d 1063, 1072-73 (Ind. Ct. App. 2005), trans. denied; Diversified Invs., LLC, 838 N.E.2d at 542.  Indiana Code section 1-1-7-1(a) controls requirements for matters that must be sent by registered or certified mail:

> (a) If a statute enacted by the general assembly or a rule, as defined by IC 4-22-2-3, requires that notice or other matter be given or sent by registered mail or certified mail, a person may use:
>> (1) any service of the United States Postal Service or any service of a designated private delivery service (as defined by the United States Internal Revenue Service) that:
>>> (A) tracks the delivery of mail; and
>>> (B) requires a signature upon delivery; or
>> (2) delivery by an employee of the unit of government sending the notice;
> to comply with the statute or rule.

Here, the only question is whether Gupta complied with the notice requirements when he sent the letters using certified mail without any additional services. Neither party contests the fact Gupta mailed the notice to Busan at the correct address as evidenced by the postmarked certified mail receipt.  Appellant's Appendix at 82; Brief of Appellee at 5. Gupta argues this receipt is sufficient to prove that he complied with the notice statutes and the trial court erred in concluding otherwise.  Busan argues that Gupta did not request signature upon delivery, did not request return receipts (commonly referred to as "green

cards"[2]), provided no evidence that he tried to track or verify delivery, and accordingly failed to comply with the statute.

The United States Postal Service's certified mail service inherently provides proof of mailing, tracks delivery, and requires the signature of the recipient.[3]  Thus, by sending a notice using the United States Postal Service's certified mail, one has complied with Indiana Code section 1-1-7-1(a).  A plain reading of the notice statute also reveals that the legislature only requires notice to be sent by certified mail to comply; it does not require the notice to be sent by certified mail with return receipt requested[4] or for the sender to actually track or verify the receipt if it is not returned to sender, as Busan argues.  Ind. Code § 6-1.1-25-4.5(h) ("The notice required by this section is considered sufficient if the notice is mailed to the address required under subsection (d).").

Gupta provided certified mail receipts, postmarked by the Boca Raton, Florida, post office as evidence of the fact he mailed the notices to Busan. This is sufficient to prove that he sent the notices certified mail and complied with the statute.  In re Sale of Real Prop. with Delinquent Taxes or Special Assessments, 822 N.E.2d at 1073.  Gupta was not

---

[2] See In re Sale of Real Prop. with Delinquent Taxes or Special Assessments, 822 N.E.2d 1063, 1073 at n. 6 (Ind. Ct. App. 2005).

[3] See *Add Insurance & Extra Services*, USPS.COM, https://www.usps.com/ship/insurance-and-extra-services.htm? (last visited Feb. 19, 2014) ("Find out when your item was delivered or delivery was attempted. Requires the signature of the recipient . . . Present for mailing to a Postal employee to get your postmarked mailing receipt.").

[4] Return receipt requested is a supplemental feature to certified mail, and the legislature has distinguished the two types of service in the Indiana Code.  Compare Ind. Code § 6-1.1-25-4.5(d) ("The person required to give the notice . . . shall give the notice by sending a copy of the notice by certified mail to . . . .), with Ind. Code § 6-1.1-24-3(b) ("[T]he county auditor shall mail a copy of the notice required by sections 2 and 2.2 of this chapter by certified mail, return receipt requested, to any mortgagee who annually requests, by certified mail, a copy of the notice.").

required to provide actual proof of tracking and delivery to show compliance. The trial court therefore erred in finding Gupta's title defective and erred in granting summary judgment to Busan. Because Gupta complied with the notice statutes, he is entitled to summary judgment as a matter of law.[5]

## Conclusion

Under the unique facts presented in this case, where the parties and trial court did not follow the established procedures to set aside a tax deed and where the parties did not address the procedural deficiencies upon appeal, we conclude that the trial court erred in finding Gupta's notices sent certified mail, but without return receipt requested, statutorily deficient. We further conclude that Gupta provided notice reasonably calculated to inform Busan of the tax sale and petition for the tax deed. Therefore, we reverse the trial court's grant of summary judgment in favor of Busan and denial of summary judgment for Gupta. We remand for a grant of summary judgment quieting title for Gupta.

Reversed and remanded.

BARNES, J., and BROWN, J., concur.

---

[5] We note that even if the process to set aside the tax deed pursuant to Trial Rule 60(B) had been done correctly, Gupta would be entitled to summary judgment as a matter of law because the notices sent by certified mail, first class mail, and posted on the property were reasonably calculated to inform Busan of the tax sale and issuance of the deed.

8