## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 11 2015, 8:30 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Kimberly S. Lytle | Jon L. Orlosky |
| Marion, Indiana | Muncie, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mark Cotton, et al., | December 11, 2015 |
| *Appellant-Defendant,* | Court of Appeals Cause No. 27A02-1501-MI-68 |
| v. | Appeal from the Grant Superior Court |
| FSPI Empl Profit Sharing Plan 401K, | The Honorable Jeffrey D. Todd, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause Nos. 27D01-1408-MI-86 27D01-1408-MI-87 |

**Barnes, Judge.**

# Case Summary

Mark Cotton appeals the trial court's denial of his objection to the issuance of a tax deed to FSPI Empl Profit Sharing Plan, 401K ("FSPI"). We affirm.

# Issue

Cotton raises one issue, which we restate as whether the trial court erred by finding that FSPI provided proper notices to Cotton after the certificate sale.

# Facts

Cotton was the owner of two lots located at 3420 S. Nebraska Street in Marion. Due to unpaid taxes, the properties were offered for sale at a tax sale on September 19, 2013. The properties did not sell, and tax sale certificates were issued to the Grant County Commissioners for the properties. At all relevant times, Cotton's address in the Grant County Auditor's records was a post office box in Marion. Cotton apparently closed the post office box in January 2014.

On March 31, 2014, the tax sale certificates were sold to FSPI. On Monday, June 30, 2014, FSPI sent a "Notice of Sale and Date of Expiration of Period of Redemption" to Cotton. App. pp. 22-23. On August 4, 2014, FSPI filed a verified petition for an order directing the Grant County Auditor to issue a tax deed. FSPI filed an affidavit and proof of notice that provided, in part:

> 4. That in compliance with the provisions of Indiana Code 6-1.1-25-4.5, on or about 6/28/14, I sent a notice of tax sale by both U.S. mail, certified with return receipt requested and by First Class US Mail to each of the above person or entities at their last known address. . . .

5. In compliance with the provisions of Indiana Code 6-1.1-25-4.6, on or about 7/31/14, I sent a notice of filing petition for tax deed by both U.S. mail, certified with return receipt requested and by First Class US Mail to each of the above persons or entities at their last known address.

6. The acts of the affiant herein represent the affiant [sic] diligent injury [sic] to identify and best efforts to notify those persons having a substantial interest of public record in the above-described real property on the date and hour of the tax sale of their right of redemption as required by Indiana Code 6-1.1-25.

App. pp. 18-19. Both of the notices to Cotton were sent to the post office box address.

[5] On September 15, 2014, Cotton filed an objection to the issuance of the tax deed. Cotton claimed that his only notice of "any tax proceedings" was a notice left at the subject properties in late August 2014. *Id.* at 72. However, Cotton also alleged that he had attempted to "satisfy the past due taxes" and provide a change of address in February 2014. *Id.*

[6] At a hearing in October 2014, April Legare, the tax sale deputy of the Grant County Auditor's Office, testified that she had spoken to Cotton about the properties on multiple occasions. According to Legare, Cotton was aware at least in May 2014 of the certificate sale and his redemption period, and he failed to redeem the properties. The trial court found that the time of redemption had expired, the real properties were not redeemed, all taxes and special assessments, penalties, and costs had been paid, all notices required by law had been given, and FSPI had complied with all the provisions of law

entitling it to a deed. The trial court ordered the Grant County Auditor to issue tax deeds to FSPI for the properties. Cotton filed a motion to correct error, which the trial court denied.

## Analysis

Cotton argues that FSPI failed to substantially comply with the notice provisions to obtain a tax deed. According to Cotton, FSPI's alleged failure violated his due process rights.

Both our supreme court and this court have held that a non-governmental tax purchaser must comply with the notice requirements of the Due Process Clause of the United States Constitution. *Iemma v. JP Morgan Chase Bank, N.A.*, 992 N.E.2d 732, 740 (Ind. Ct. App. 2013) (citing *Tax Certificate Investments, Inc. v. Smethers*, 714 N.E.2d 131, 133-34 (Ind. 1999); *Combs v. Tolle*, 816 N.E.2d 432, 438-39 (Ind. Ct. App. 2004)). In *Marion County Auditor v. Sawmill Creek, LLC*, 964 N.E.2d 213, 217 (Ind. 2012), our supreme court reiterated the federal standard that when notice is due "'[t]he means must be such as one desirous of actually informing the absentee might clearly adopt to accomplish it.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S. Ct. 652 (1950)). Thus, the notice must be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* "'But if with due regard for the practicalities and peculiarities of the case these [notice] conditions

are reasonably met, the constitutional requirements are satisfied.'" *Id.* (quoting *Mullane*, 339 U.S. at 314-15, 70 S. Ct. 652).

[9] "A tax sale is purely a statutory creation, and material compliance with each step of the statute is required." *Iemma*, 992 N.E.2d at 738. "While a tax deed creates a presumption that a tax sale and all of the steps leading to the issuance of the tax deed are proper, the presumption may be rebutted by affirmative evidence to the contrary." *Id.* An order to issue a tax deed will be given if the court finds that the notices have been provided pursuant to the statutes. *Id.* However, title conveyed by a tax deed may be defeated if the notices were not in substantial compliance with the manner prescribed by the pertinent statutes. *Id.*

[10] Cotton appears to challenge only the post-sale notices required to be provided by FSPI.[1] FSPI, as purchaser of the certificate of sale, was required to send two notices to properly obtain a tax deed. The first notice requires the purchaser to give notice of the redemption period to the owner of record and/or any person with a substantial property interest of public record. *See* Ind. Code § 6-1.1-25-4.5. Indiana Code Section 6-1.1-25-4.5(d) provides in part:

---

[1] FSPI discusses the County's obligations of providing notice of the certificate sale. However, Cotton does not appear to challenge those notice obligations. *See* Ind. Code § 6-1.1-24-6.1 (discussing the publication requirements when a county executive offers certificates of sale to the public).

> The person required to give the notice under subsection (a), (b), or (c) shall give the notice by sending a copy of the notice by certified mail to:
>
> (1)   the owner of record at the time of the:
>
>    (A)   sale of the property;
>
>    (B)   acquisition of the lien on the property under IC 6-1.1-24-6; or
>
>    (C)   sale of the certificate of sale on the property under IC 6-1.1-24; at the last address of the owner for the property, as indicated in the records of the county auditor; and
>
> (2)   any person with a substantial property interest of public record at the address for the person included in the public record that indicates the interest.
>
> However, if the address of the person with a substantial property interest of public record is not indicated in the public record that created the interest and cannot be located by ordinary means by the person required to give the notice under subsection (a), (b), or (c), the person may give notice by publication in accordance with IC 5-3-1-4 once each week for three (3) consecutive weeks.

Indiana Code Section 6-1.1-25-4.5(h) provides: "The notice required by this section is considered sufficient if the notice is mailed to the address required under subsection (d)."

[11]   The second notice informs the interested parties that the purchaser is filing a petition for a tax deed after the redemption period has expired.  *See* I.C. § 6-1.1-25-4.6.  Under Indiana Code Section 6-1.1-25-4.6(a),

> Notice of the filing of this petition shall be given to the same parties and in the same manner as provided in section 4.5 of this chapter, except that, if notice is given by publication, only one (1) publication is required. The notice required by this section is considered sufficient if the notice is sent to the address required by section 4.5(d) of this chapter.

There is no requirement that notices are actually received. *Gupta v. Busan*, 5 N.E.3d 413, 416 (Ind. Ct. App. 2014), *trans. denied*.

[12] According to Cotton, FSPI failed to provide him with the proper notice of right of redemption and notice of filing the petition to issue a tax deed because FSPI sent the notices to his closed post office box. Cotton contends that the Grant County Auditor's office was aware that the post office box was closed and that he had attempted to change his address.

[13] Cotton does not dispute that his post office box was a proper method of providing notice to him at the time of the tax sale. Cotton apparently closed the post office box between the time of the tax sale and the certificate sale. The statutes required FSPI to send the two required notices to the owner at "the last address of the owner for the property, as indicated in the records of the county auditor." I.C. § 6-1.1-25-4.5, 6-1.1-25-4.6. It is undisputed that the address for Cotton indicated by the records of the county auditor was the closed post office box address and that FSPI sent the notices to the post office box address.

[14] Although Cotton claims that he attempted to change his address with the auditor's office, Legare discussed the process of changing a property owner's address, the necessary form, and the fact that the auditor's office did not have

such a form for Cotton. Legare also testified that she had spoken to Cotton on multiple occasions, that Cotton was aware in May 2014 of the certificate sale and his redemption period, and that he failed to redeem the properties. We neither reweigh the evidence nor judge the credibility of the witnesses. *Perkinson v. Perkinson*, 989 N.E.2d 758, 761 (Ind. 2013). The trial court clearly found Legare's testimony more credible than Cotton's claims, and we will not reweigh the evidence.

[15]  FSPI was entitled to rely on the official property records in complying with the statutory notice requirement. *Smethers*, 714 N.E.2d at 133-134 (holding that the purchaser substantially complied with the notice requirements and due process requirements were satisfied where the purchaser sent notice by certified mail to the address indicated by the auditor's records even though the owner had moved and failed to update her records at the auditor's office). Given FSPI's use of the address indicated by the auditor's records and Legare's testimony that Cotton was aware of the proceedings, the trial court did not abuse its discretion in concluding that FSPI's notices to Cotton regarding the certificate sale process met the requirements of due process.

[16]  Finally, Cotton also claims that the notice of redemption was not sent in a timely manner. Indiana Code Section 6-1.1-25-4.5(c)(3) required FSPI to send the notice "not later than ninety (90) days after the date of sale of the certificate of sale." Ninety days after March 31, 2014, is Sunday, June 29, 2014. Under Indiana Trial Rule 6(A), because the date fell on a Sunday, the time period did not run until the next day, Monday, June 30, 2014, which is when FSPI mailed

the notice. *See, e.g., Boger v. Lake County Com'rs*, 547 N.E.2d 257, 258 (Ind. 1989) (holding that a tort claims notice was timely filed where, although the final day for filing was a Saturday, the notice was filed on a Tuesday and Monday was a legal holiday). Consequently, Cotton's argument fails.

## Conclusion

[17] The trial court properly denied Cotton's objection to the issuance of the tax deeds. We affirm.

[18] Affirmed.

Kirsch, J., and Najam, J., concur.